UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VONN CAPEL and BENJAMIN
BLANCHARD, *pro se*,

       Plaintiffs,

                                          Case No. 8:24-cv-00352-WFJ-CPT

v.

PASCO COUNTY; PASCO
COUNTY PROPERTY APPRAISER
OFFICE; PASCO COUNTY TAX
COLLECTOR OFFICE; MIKE WELLS,
in his official and individual capacity;
and MIKE FASANO, in his official
and individual capacity

       Defendants.
_____/

**DEFENDANTS MIKE FASANO, AS PASCO COUNTY TAX COLLECTOR
AND INDIVIDUALLY, AND PASCO COUNTY TAX COLLECTOR OFFICE's
MOTION TO DISMISS COMPLAINT (DOC. #1) WITH PREJUDICE
<u>PURSUANT TO RULES 12(b)(1) AND 12(b)(6)</u>**

      Pursuant to Federal Rules of Civil Procedure 12(b)(1)(lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief can be granted), Defendants, MIKE FASANO as PASCO COUNTY TAX COLLECTOR and individually, and PASCO COUNTY TAX COLLECTOR OFFICE[1] ("FASANO"),

---

[1]The undersigned attorney files this motion on behalf of Defendant PASCO COUNTY TAX COLLECTOR OFFICE but does not believe that PASCO COUNTY TAX COLLECTOR OFFICE is a proper party – it certainly is not a municipal corporation nor an "agency" (as defined under Florida law) of Pasco County, or an entity or person

through counsel, moves to dismiss with prejudice Plaintiffs' Civil Rights Complaint for Damages, Injunctive Relief, and Demand for Trial by Jury (and Affidavit of Probable Cause) (Doc. #1) (hereinafter "Complaint") and states:

## PRECISE RELIEF REQUESTED

1. FASANO requests dismissal of the Complaint (Doc. #1) with prejudice.

## STATEMENT OF BASIS FOR DISMISSAL WITH PREJUDICE

2. This court lacks subject-matter jurisdiction to hear the matters attempted to be pled in the Complaint (Doc. #1) pursuant to the Tax Injunction Act, 28 USC §1341.

3. While the Tax Injunction Act requires, by itself, dismissal with prejudice of the Complaint (Doc. #1), in an abundance of caution FASANO sets for the following grounds to dismiss the Complaint (Doc. #1) for failure to state a claim upon which relief may be granted:

A. This court lacks subject-matter jurisdiction over Plaintiff Benjamin Blanchard. This plaintiff does not have Article III standing to bring this action because he is not an owner of the real property at issue.

---

capable of being a party in litigation. To the extent PASCO COUNTY TAX COLLECTOR OFFICE is found to be a proper party, this motion is filed on its behalf.

B.	Plaintiffs may not sue Defendants under 42 USC § 1983 because the Tax Injunction Act and principles of comity prohibit such actions and because the State of Florida provides adequate remedies to address any deprivation.

C.	Plaintiffs may not sue Defendants under 18 USC § 242 because it is a criminal statute and no private right of action is created.

D.	Plaintiffs may not sue Defendants under 18 USC § 241 because it is a criminal statute and no private right of action is created.

E.	The claim attempted to be pled pursuant to 42 § 1985 fails to state a cause of action.

F.	42 USC § 1982 does not address or prohibit legal and generally-applicable taxation of real and personal property, and therefore does not apply to this case.

G.	None of the criminal laws and claims pled in the Complaint (Doc. #1) may be enforced in this civil action and this court may not direct criminal prosecution.

H.	The Complaint (Doc. #1) fails to comply with the Federal Rules of Civil Procedure and is a "shotgun pleading."

## LEGAL MEMORANDUM

## The Complaint

The *pro se* Complaint (Doc. #1) filed in this action, 92 pages long not including exhibits, is, both factually and legally, confused and incoherent. A detailed review of the Complaint's allegations, to the extent they can be ascertained, seems to indicate that Plaintiffs object to Defendants assessing, levying, and/or collecting state *ad valorem* taxes on their real property located at 3201 Anata Drive in Zephyrhills, Pasco County, Florida[2], and, perhaps, taxes on certain of their personal property[3]. Plaintiffs seek injunctive relief against Defendants to prevent them from assessing, levying and/or collecting the subject taxes, damages (including punitive damages), and criminal enforcement.

---

[2] *See* Complaint "Preliminary Statement" at pp. 2, 3; Complaint paragraphs 3, 4, 8, 12, 13, 16, 19, 20, 24, 26 through 83, 86 through 90 through 100, 102 through 105, 108 through 126, 128 through 140, 142 through 150, 152 through 155, 157 through 167, "RELIEF SOUGHT" paragraphs 171, 174, 178, 180; Complaint Exhibit "B" (2023, 2022 Proposed Ad Valorem Taxes – Real Estate notices from Pasco County Property Appraiser); Exhibit "C" (2023 Real Estate Tax Notice from Pasco County Tax Collector); Exhibit "D" (Correspondence with Pasco County Property Appraiser representative, with attached property appraiser card, Tax Roll Certification, ); Exhibit "E" (Correspondence with Pasco County Property Appraiser); Exhibit "F" (Excerpt from Pasco County Property Appraiser website)

[3] *See, e.g.,* Complaint paragraphs 3, 4, 8 ("excise taxes"), 11, 13 ("registration requirements"), 22, 23, 30, 41, 42, 43, 62, 94, 112, 152, 153, 155, and 161; Complaint Exhibits "G" and "H" (correspondence with Pasco County Tax Collector related to mobile homes or travel trailers).

## **LACK OF SUBJECT MATTER JURISDICTION – RULE 12(b)(1)**

**Pursuant to the Tax Injunction Act, 28 USC §1341,
this court does not have jurisdiction to hear the claims
attempted to be pled by Plaintiffs in the Complaint**

Section 1341 of Title 28 of the United State Code ("Tax Injunction Act" or "the Act") provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such state.

The limitation imposed by the Tax Injunction Act is jurisdictional[4]. *Amos v. Glynn Cnty. Bd. Of Tax Assessors,* 347 F.3d 1249, 1255 (11th Cir. 2003), *abrogated on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *Cohen v. World Omni Fin. Corp,* 426 Fed. Appx. 766, 770-71 (11th Cir. 2011) (finding that the Tax Injunction Act "is a jurisdiction-stripping statute"). The Act does not confer jurisdiction, but instead limits jurisdiction which might otherwise exist. *Osceola v. Florida Dept. of Revenue*, 893 F.2d 1231, 1232 (11th Cir. 1990). *See also Kelly v. Ala. Dept. of Revenue,* 638 Fed. Appx. 884, 888-889 (11th Cir. 2016). While the Act on its face bars only injunctive relief,

---

[4] Rule 12(b) (1) authorizes a motion to dismiss an action in the court lacks subject matter jurisdiction. Such challenges can be asserted on either facial or factual grounds. *Morrison v. Amway Corp.,* 323 F.3d 920, 925 n. 5 (11th Cir. 2003). This is a facial challenge to subject matter jurisdiction which is based solely on the allegations in the complaint, to the extent they can be ascertained. When considering such challenges, this court must, as in a Rule 12(b)(6) motion, take the complaint's allegations as true. *Carmichael v. Kellogg, Brown & Root Serv., Inc.,* 572 F.3d 1271, 1279 (11th Cir. 2009). *See also Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel,* 657 F.3d 1159, 1169-70 (11th Cir. 2011).

the United States Supreme Court has applied the Act to suits for declaratory relief and damages as well. *Osceola,* 893 F.2d at 1233, citing *California v. Grace Brethren Church,* 457 U.S. 393, 408, 102. S.Ct. 1298, 73 L.Ed.2d 93 (1982) and *Rosewell v. LaSalle Nat'l Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981).

The Tax Injunction Act is "first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." *Amos,* 347 F.3d at 1351. Indeed, "…the principle underlying the Tax Injunction Act (is) that the federal courts should generally avoid interfering with the sensitive and peculiarly local concerns surrounding state taxation schemes." *Colonial Pipeline Co. v. Collins,* 921 F.2d 1237, 1242 (11th Cir. 1991) citing *Rosewall,* 450 U.S. at 527-28. The Eleventh Circuit has held that "the Tax Injunction Act bars the exercise of federal jurisdiction if two conditions are met: (1) the relief requested by the plaintiff will 'enjoin, suspend, or restrain' a state tax assessment and (2) the state affords the plaintiff a 'plain, speedy and efficient remedy." *Amos,* 347 F.3d at 1255, quoting *Williams v. City of Dothan, Ala.,* 745 F.2d 1406, 1411 (11th Cir. 1984). The burden of proof is upon the Plaintiffs to overcome the jurisdictional bar of the Tax Injunction Act. *Barfield v. County of Palm Beach, Office of Property Appraiser,* 2011 WL 1458003 (S.D. Fla. 2011), citing *Gibson v. Gains,* 2006 WL 858336 (11th Cir. 2006) and dismissing complaint for lack of jurisdiction. *See also Amos,* 347 F.3d at 1256 (holding that the burden to show facts

sufficient to overcome the jurisdictional bar of the Tax Injunction Act is on plaintiffs).

As to the first condition, the complaint is clearly attempting to "enjoin, suspend, or restrain" a state tax assessment, levy and/or collection. Plaintiffs appear to plead that state *ad valorem* taxes should not be assessed against their real property (and, perhaps, their personal property), or any levy or collection allowed (*see* n. 1 and n. 2 *infra*). In the Complaint (Doc. #1), Plaintiffs specifically request injunctive relief against the Defendants (Complaint (Doc. #1) paragraphs 168, 180), related to the assessment, levy or collection of the subject state taxes, which is prohibited by the Act. Plaintiffs also specifically seek damages against the Defendants related to the assessment, levy and/or collection of the subject taxes (Complaint (Doc. #1) paragraphs 171, 172, 175, 176, 178, and 179), which is prohibited by the Act.

As to the second condition, Florida law affords the Plaintiffs a plain, speedy and efficient remedy. In assessing the adequacy of a state remedy, the Tax Injunction Act's "plain, speedy and efficient" requirement should be narrowly construed. *Grace Brethren Church,* 457 U.S. at 413. The state remedy is required to only meet certain "minimal *procedural* criteria." *Rosewall,* 450 U.S. at 512 (italics in original). The touchstone is whether a taxpayer is entitled to a "full hearing and judicial determination," at which she may raise any and all constitutional

objections to the tax. *Barfield,* 2011 WL 1458003; *Gibson,* 2006 WL 858336; *Rosewall,* 450 U.S. at 514.

The Eleventh Circuit, as well as other courts, have repeatedly held that Florida law provides taxpayers with "plain, speedy and efficient" remedies. *Osceola,* 893 F.2d at 1233; *Winicki v. Mallard,* 783 F.2d 1567, 1570 (11th Cir. 1986); *Carson v. City of Ft. Lauderdale,* 293 F.2d 337, 339 (5th Cir. 1961); *Rendon v. State of Fla.,* 930 F.Supp. 601, 605 (S.D. Fla. 1996); *Barfield v. County of Palm Beach, Office of Property Appraiser,* 2011 WL 1458003 (S.D. Fla. 2011); *Camm v. Scott,* 834 F.Supp.2d 1342, 1351 (M.D. Fla. 2011). As referenced in *Osceola* at 1233, and the other cases, the Florida constitution grants to the state's circuit courts jurisdiction to hear challenges to any state tax, Fla. Const. art. V, §20(c)(3), Florida courts are also given power to issue declaratory and injunctive relief in tax cases, *see* §72.011 and §86.011, Fla. Stat. (2023), and Florida taxpayers have the statutory right to seek tax refunds from the state, §215.26, Fla. Stat. (2023). The Florida Supreme Court has held that §215.26 authorizes the refund of taxes paid under an unconstitutional law. *State v. Hardaway Contracting Co.,* 155 Fla. 724, 21 So.2d 211 (1945).

Additionally, and more pertinent to this case, Florida law allows taxpayers to contest assessments placed on their real and personal property in both administrative and judicial forums. Chapter 194, Fla. Stat. (2023) (entitled "Administrative and Judicial Review of Property Taxes"), (includes challenges to

homestead exemption determinations, §194.011(2), Fla. Stat. (2023)). As to administrative forums, taxpayers challenging assessments may bring cases before a county Value Adjustment Board ("VAB") and are entitled to notice and hearing to present their case. §§194.011, 194.013, 194.014, 194.015, 194.032, 194.034, 194.035, 194.036 Fla. Stat. (2023). Taxpayers may also challenge assessments in state circuit court pursuant to §194.171, Fla. Stat. (2023) (providing in pertinent part "(t)he circuit courts have original jurisdiction at law of all matters relating to property taxation"), and may pursue judicial relief in state circuit court through trial regardless of whether they have first sought administrative relief before the applicable VAB. §194.034(1)(f), Fla. Stat. (2023). *See also Markam v. Gold*, 1998 WL 1118629 (S.D. Fla. 1998) (holding Florida law provides plain, speedy and efficient remedies based on §§194.036 and 194.171, Fla. Stat.). Clearly, Florida law provides taxpayers with "plain, speedy and efficient" remedies that meet or exceed the requirements of federal law.

The court therefore lacks subject-matter jurisdiction to hear this matter and must dismiss this action. Fed.R.Civ.P. 12(h)(3).

### Additional Argument

While FASANO respectfully submits that the Complaint should be dismissed with prejudice based solely on the Tax Injunction Act, in an abundance

of caution FASANO sets forth hereafter other legal grounds to dismiss the Complaint.

**Plaintiff Benjamin Blanchard
does not have Article III standing
<u>entitling him to bring this action</u>**

Plaintiff Benjamin Blanchard claims to be a co-owner "…in common law and equitable interest holder absolute…" of the real property located at 3201 Anata Drive in Zephyrhills, Pasco County, Florida. The undersigned can find nothing in the extant statutory or case law defining a "common law and equitable interest holder absolute" interest in real property (or any kind of equitable interest based on the allegations pled), but the Complaint (Doc. #1) reveals that Blanchard does not have a legal interest in the property by way of deed or other instrument conveying legal and record title. **This is because the warranty deed attached to the Complaint as Exhibit "A," shows title to the property vested solely in "Vonn Sampson, a married woman."**

Standing is a threshold question in every federal case, determining the power of the court to entertain the suit[5]. *U.S. S.E.C. v. Quest Energy Management Gp., Inc.,* 768 F.3d 1106, 1108 (11th Cir. 2014), *citing Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1992). When exhibits contradict the general

---

[5]"Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)." *Stalley v. Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 11232 (11th Cir. 2008).

and conclusory allegations of a pleading, the exhibit governs. *My Classified Ads, LLC v. Greg Welteroth Holding Inc.,* 2014 WL 12694164 (M.D. Fla. 2014). In the absence of standing, a court is not free to opine in an advisory capacity about the merits of plaintiff's claims, and the court is powerless to continue. *U.S. S.E.C.,* 768 F.3d at 1108-09, *citing CAMP Legal Defense Fund, Inc., v. City of Atlanta,* 451 F.3d 1257, 1269 (11th Cir. 2006). To establish standing, a litigant ordinarily "must assert his own legal rights and interests' and cannot assert rights or interests of someone else." *U.S. S.E.C.,* 768 F.3d at 1109, *citing Warth,* 422 U.S. at 499, 95 S.Ct. at 2205. Standing cannot be "inferred argumentatively from averments in the pleadings," but rather "must affirmatively appear in the record." *Rhodes v. City of Jacksonville, Florida,* 2022 WL 20538758 (M.D. Fla. 2022), *citing FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231 (1990) (internal citations omitted). "[I]t is the burden of the 'party who seeks the exercise of jurisdiction in his favor,' 'clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.' *Id.* (internal citations omitted).

      Based on the foregoing, Plaintiff Benjamin Blanchard has failed to establish his standing to bring this action and this case should be dismissed as to him.

## FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED
## RULE 12(b)(6)

### Plaintiffs may not sue Defendants under 42 USC §1983 because the Tax Injunction Act and principles of comity prohibit such actions and because the State of Florida provides adequate remedies to address any deprivation

Counts One, Two, and Three all seek relief pursuant to 42 USC §1983. The Supreme Court has been clear that 42 USC §1983 may not be used to seek injunctive or declaratory relief in state tax cases, either in federal or state court, when an adequate state legal remedy exists. *National Private Truck Council, Inc. v. Oklahoma Tax Comm'n,* 555 U.S. 582, 591; 115 S.Ct. 2351, 2357; L.Ed.2d 509 (1995). *See also Turner v. Baldwin,* 2019 WL 5423389 (M.D. Fla. 2019). The Supreme Court has been equally clear that 42 USC §1983 may not be used to seek damages in state tax cases, or as the result of alleged unconstitutional or illegal administration of a state tax system, when an adequate state legal remedy exists. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). *See also Turner v. Baldwin,* 2019 WL 5423389 (M.D. Fla. 2019). As stated above, the Eleventh Circuit has repeatedly held that Florida law provides taxpayers with "plain, speedy and efficient" remedies. *Osceola,* 893 F.2d at 1233; *Winicki*, 783 F.2d 1570[6]. Hence, the Complaint (Doc. #1) should be dismissed.

---

[6] This law is generally consistent with Eleventh Circuit precedent stating that a procedural due process claim under 42 USC §1983 may not be maintained "…unless and until the State of Florida refuses to make available a means to remedy the deprivation." *McKinney*

## Plaintiffs may not sue Defendants under 18 USC § 242
## because it is a criminal statute and no private right of action is created

Counts One and Two seek relief pursuant to 18 USC § 242.  Plaintiffs cannot state a valid cause of action under 18 USC § 242 because 18 USC § 242 is a criminal statute.  *Berry v. State,* 2006 WL 1280987 (M.D. Fla. 2006).  Accordingly, 18 USC § 242 does not create a private right of action.  *Berry v. State,* 2006 WL 1280987 (M.D. Fla. 2006), *citing Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 USC §§ 241-242 … These statutes do not give rise to a civil action for damages"). *See also Stoll v. Martin,* 2006 WL 2024387 (N.D. Fla. 2006) ("Plaintiff's complaint fails to state a cause of action under the criminal statutes 18 USC §§ 241 and 242 because a private citizen cannot initiate a federal criminal prosecution and because these statutes do not provide a private right of action for damages"); *Fundiller v. City of Cooper City,* 578 F.Supp.303, 306 (S.D. Fla. 1984) (no private right of action under 18 USC §242), *rev'd on other grounds,* 777 F.2d 1436 (11th Cir. 1985); *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claimed relief under 18 USC ss 241 and 242.  These criminal provisions, however, provide no basis for civil liability"). Hence, the Complaint (Doc. #1) should be dismissed.

---

*v. Pate,* 20 F.3d 1550, 1563 (11th Cir. 1994). In this case, as indicated herein, "plain, speedy and efficient" state remedies are available to Plaintiffs.

### Plaintiffs may not sue Defendants under 18 USC §241
### because it is a criminal statute and no private right of action is created

Count Four seeks relief pursuant to 18 USC § 241. As stated above concerning 18 USC § 242, 18 USC § 241 is a criminal statute and creates no private right of action or right to bring a civil action. *Berry v. State,* 2006 WL 1280987 (M.D. Fla. 2006); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989); *Stoll v. Martin,* 2006 WL 2024387 (N.D. Fla. 2006); *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). Hence, the Complaint (Doc. #1) should be dismissed.

### The claim attempted to be pled pursuant to 42 USC § 1985
### fails to state a cause of action

Count Four seek relief pursuant to 42 USC § 1985. Subsection (3) of 42 USC § 1985, which provides that, where two or more persons conspire to deny any person equal protection, the injured person may have an action for damages, is the only subsection possibly applicable to Plaintiffs' conspiracy claim in Count Four. This subsection, however, requires a "…showing of some 'racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's actions.'" *Childree v. UAP/GA Ag Chem, Inc.,* 92 F.3d 1140, 1147 (11th Cir. 1996), *citing to Lucero v. Operation Rescue,* 954 F.2d 624, 627 (11th Cir. 1992), *which quotes United Bhd. Of Carpenters & Joiners of Am. Local 610 v. Scott,* 463 U.S. 825, 829, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983); *see also Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 269, 113 S.Ct. 753, 759, 122 L.Ed.2d 34 (1993)

(holding that whatever the precise meaning of "class" may be, it "unquestionably connotes something more than a group of individuals who desire to engage in conduct that the §1985(3) defendant disfavors"). *See also Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (*citing Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971) and affirming district court's dismissal of §1985(3) claim because Plaintiffs failed to allege facts showing invidiousness).

Count Four of the Complaint (Doc. #1) fails to allege any facts showing any "invidiously discriminatory animus" on the part of Defendants. Indeed, the Plaintiffs' claims for exemption from legal, generally-applicable taxes seek preferential treatment. Thus, to the extent that Count Four is based on 42 USC § 1985(3), it fails to state a claim.

Additionally, since all Defendants are under the umbrella of Pasco County, Florida, the intracorporate conspiracy doctrine[7] precludes liability under 42 USC § 1985 and requires dismissal of Count Four.

---

[7] The intracorporate conspiracy doctrine holds that the acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. *See, e.g., Tozier v. City of Temple Terrace,* 2011 WL 3961816 (M.D. Fla. 2011). This doctrine applies to 42 U.S.C. § 1985 cases and to civil rights cases. *Id.,* and cases cited therein. The doctrine applies not only to private corporations, but also to public, government entities. *Dickerson v. Alachua County Comm'n,* 200 F.3d 761, 767 (11th Cir. 2000)

### 42 USC § 1982 does not address or prohibit
### legal and generally-applicable taxation of real and personal property

Count Five seeks relief under 42 U.S.C. § 1982, which states:

All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

42 U.S.C. § 1982. Aside from the fact that this statute does not address legal and generally-applicable taxation of property authorized by state law, there is also a racial component ("…enjoyed by white citizens…") which is not pled or applicable in this case. Accordingly, the Complaint (Doc. #1) is subject to dismissal.

### None of the criminal laws pled in the Complaint (Doc. #1)
### may be enforced in this civil action
### and this court may not direct criminal prosecution

Plaintiffs, in this civil action, are attempting to enforce criminal laws against Defendants. *See* "Probable Cause Statement," Complaint at p. 52; "Demand for Empanelment of Grand Jury," Complaint at p. 55; Complaint paragraphs 111, 112, 113, 130, 150, 154 and 162. No citizen has the right to institute criminal prosecution. *Linda R. v. Richard V.,* 410 US 614, 619, 93 S.Ct. 1146, 1149. 35 L.Ed.2d 536 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Also, this court cannot direct that a federal prosecution occur; authority to investigate and initiate criminal complaints rests exclusively with federal prosecutors. *Stoll v. Martin*, 2006 WL 2024387 (N.D. Fla. 2006), *citing Inmates of Attica Correctional Facility v.*

*Rockefeller,* 477 F.2d 375 (2d Cir. 1973) (holding only United States Attorney has discretion over whether to prosecute in a particular case) and *Young v. Herold,* 2005 WL 1048117 (E.D. Ky. 2005). Hence, the Complaint (Doc. #1) must be dismissed.

## The Complaint fails to comply with the Federal Rules of Civil Procedure and is a "shotgun pleading"

Plaintiffs have failed to comply with Federal Rules of Civil Procedure 8, 9, 10, and 12. For example, Fed.R.Civ.P. 8 states that a complaint must include "(1) a ***short and plain statement*** (emphasis supplied) of the grounds for the court's jurisdiction [;]… (2) a ***short and plain statement*** (emphasis supplied) of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought…" Fed.R.Civ.P. 10 states that "[a] party must state its claims …in numbered paragraphs, each limited as far as practicable to a single set of circumstances…If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count."

The Complaint (Doc. #1) is a "shotgun pleading." *Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 979 (11th Cir. 2008).

> A shotgun pleading [is] one in which it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief [and] does not comply with the standards of Rules 8(a) and 10(b) …This court has repeatedly condemned shotgun pleadings…Additionally, although pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally…this liberal construction does not give the court license to serve as de facto counsel for a party, or to

rewrite an otherwise deficient pleading in order to sustain an action…Even a pro se litigant is required to comply with the rules of procedure.

*LaCroix v. W. Dist. of Kentucky,* 627 Fed. Appx. 816, 818 (11th Cir. 2015) (per curiam).  Based on the foregoing, the Complaint (Doc. #1) should be dismissed.

WHEREFORE, Defendant, MIKE FASANO as PASCO COUNTY TAX COLLECTOR, through counsel, respectfully requests the court to enter an order dismissing this action with prejudice.

Respectfully submitted,

*/s/ Frederick T. Reeves*
Frederick T. Reeves, Esq.
Fla. Bar No. 499234
**Lead Counsel**
Frederick T. Reeves, P.A.
5709 Tidalwave Drive
New Port Richey, Florida 34652
Telephone (727) 844-3006
Facsimile  (727) 844-3114
freeves@tbaylaw.com
vicki@tbaylaw.com

Attorneys for Defendants, MIKE FASANO as PASCO COUNTY TAX COLLECTOR and individually, and PASCO COUNTY TAX COLLECTOR OFFICE

## Local Rule 3.01(g) Certification

The undersigned hereby certifies that he has conferred with the parties who have appeared in this case, and their responses are as follows: (1) Plaintiffs **oppose** the motion, and Plaintiffs and the undersigned attorney communicated/conferenced by e-mail (in the Complaint, Plaintiffs do not provide a telephone number or any other way to contact them besides a single e-mail address); (2) Defendant PASCO COUNTY **agrees and does not object** to the relief sought in the motion; and (3) there has been no appearance herein on behalf of Defendants MIKE WELLS, as PASCO COUNTY PROPERTY APPRAISER and individually, and PASCO COUNTY PROPERTY APPRAISER OFFICE, so the undersigned has not consulted with anyone representing these defendants.

*/s/ Frederick T. Reeves*
Frederick T. Reeves, Esq.

**Certificate of Service**

I HEREBY CERTIFY that, on February 29, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served a copy of the same, along with the notice of electronic filing, by First Class U.S. Mail, postage prepaid (and by e-mail where indicated), to the following:

Vonn Capel
Benjamin Blanchard
3201 Anata Drive
Zephyrhills, FL  33541
bennyblanch@protonmail.com

The Honorable Mike Wells
Pasco County Property Appraiser
West Pasco Government Center
8731 Citizens Drive, Ste. 130
New Port Richey, FL  34654-5572

Robert C. Hale
Pasco County Attorney's Office
West Pasco Government Center
8731 Citizens Drive
Suite 340
New Port Richey, FL 34654
rhale@pascocountyfl.net

                                                */s/ Frederick T. Reeves*
                                                Frederick T. Reeves, Esq.