Benjamin Blanchard
Vonn Capel
3201 Anata Dr
Zephyrhills, FL 33541

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**BENJAMIN BLANCHARD,
VONN CAPEL**
*Plantiffs, pro se*
***v.*** **Case. 8:24-cv-00352-WFJ-CPT**

**PASCO COUNTY,
PASCO COUNTY PROPERTY APPRAISER OFFICE
PASCO COUNTY TAX COLLECTOR OFFICE,
MIKE FASANO AND MIKE WELLS**
(Individual and Official Capacity)
*Defendants,*

**PLAINTIFFS' RESPONSE TO DEFENDANT'S TAX COLLECTORS OFFICE, AND MIKE FASANO IN HIS INDIVIDUAL AND OFFICIAL CAPACITY'S MOTION TO DISMISS**

Plaintiffs submit this written response to the Defendants' "Motion to Dismiss" filed by Defendants' attorney, Fredrick T. Reeves, on the 28th day of February 2024 pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), pertaining to Plaintiff's complaint docketed with this Court on the 6th day of February 2024, pursuant to Title 42 U.S.C. § 1983, and in accordance with the Federal Rules of Civil Procedure Rule 3, Rule 8(a), (d)(1)(2), (e), Rule 9(c), Rule 10(a)(b)(c) and Rule 11(a)(b).

Plaintiffs finds Defendants' "Motion to Dismiss" to contain false statements, unsupported legal theories, and opinions that are, ambiguous and vague, along with un-applicable caselaw. Plaintiffs finds Defendant's "Motion to Dismiss" frivolous for **failure to state any legal deficiencies within the <u>four corners</u> of Plaintiff's complaint** and therefore should be stricken and dismissed for the following reasons:

## <u>THIS IS NOT A TAX CASE AND THE PLAINTIFFS ARE NOT TAXPAYERS</u>

1.1 Defendants are moving to dismiss this action pursuant to RCP 12(b)(6) without merit, filed in response to the Plaintiffs' pleading. The MTD shows a clear lack of the Defendants' understanding of the FL rules of Taxation which emphasize that the Plaintiffs are **NOT Taxpayers** unless an income return is filed. As such, Florida's Constitution, Statute Title XIV (Taxation and Finance), and Administrative Codes **only** come into play within this case, as evidence of all named Defendants' color of authority, unconstitutional application, and perversion by custom and policy of the intent of the Florida Legislature's taxation codes.

> *It certainly cannot be contended that an income tax is an ad valorem tax. An ad valorem tax is, of course, a property tax. " Arthur v. Johnston, 185 S.C. 324 (1937). "The phrase "ad valorem" means, literally, "according to the value," and is used in taxation to designate an assessment of taxes against property, real or personal, " Smith v. American Airlines, Inc., 606 So. 2d 618 (Fla. 1992) at a certain rate upon its value." Powell v. Gleason, 50 Ariz. 542,*

*74 P.2d 47, 114 A.L.R. 838 (1937); Pacific Gas & Elec. Co. v. Roberts, 168 Cal. 420, 143 P. 700 (1914)* ***"Ad valorem" taxes are taxes on production."*** ***Wyoming State Tax Com'n v BHP Petroleum Co. Inc, 856 P.2d 428 (Wyo. 1993)***

1.2 It is a Fact that all named Defendants, failed to show any evidence the Florida Legislature possesses standing, interests, rights or a taxable business situs from income generated in the Plaintiffs' property, or ownership evidenced by FL §192.001(13)'s verbiage: "*Taxpayer or Other Legal Entity,*" that **submitted an income return** to the DOR.

> *EJUSDEM GENERIS A canon of construction that when a general word or phrase follows a list of specifics, the general word or phrase will be interpreted to include only items of the same type as those listed. • For example, in the phrase horses, cattle, sheep, pigs, goats,* ***or any other farm animal****, the general language or any other farm animal — despite its seeming breadth — would probably be held to include only four-legged, hoofed mammals typically found on farms, and thus would exclude chickens.*

Without this income return the PASCO COUNTY PROPERTY APPRAISER OFFICE and MIKE WELLS cannot assess a non-taxpayers property, which means Plaintiffs are NOT Taxpayers, that the TAX COLLECTOR OFFICE and MIKE FASANO can send a bill to collect taxes for PASCO COUNTY's coffers.

> *"In General, a state may tax everything which exists by its authority or is introduced by its permission, within its boundaries. While restricted to taxation of property having a taxable 'situses' within the territorial jurisdiction of the state, the legislature may extend taxation to all persons and to all property real or personal within its jurisdiction." "But to impose either tax the State must have jurisdiction over the thing that is taxed, and to impose either without such jurisdiction is mere extortion and in contravention of due process of law."* ***Frick v Pennsylvania, 268 U.S. 473, 69 LEd 1058, 45 S Ct***

***603, 42 ALR 316; Thompson v Kentucky, 209 U.S. 340, 52 L. Ed 822, 28 S Ct 533***

1.3 Without such business situs, and evidence of income generated as required by Florida Constitution, Statute, Administrative Code, and Caselaw, there is no eminent domain proceedings that are quantifiable, without due process of law. As such, Defendants have failed to provide any evidence that they may do indirectly, what the Florida Legislature is unable to, directly.

> *"It would be strange, indeed, if the legislature by creating a body politic or corporate to exercise a legislative function, **could do indirectly what it may not do directly**. It seems too plain for cavil that, **if a mere creature of the legislature can do what the legislature itself is constitutionally prohibited from doing, the carefully designed [constitutional] prohibition... could be rendered useless. Such a result is not to be sanctioned**." Buckwalter v. Borough of Phoenixville,* 985 A. 2d 728 - Pa: Supreme Court 2009

1.4 Plaintiffs' Complaint establishes that the commercial tax code within Statutes of Florida is aimed at "Artificial entities" which are the intended "Taxpayers," further supported by the Federal Constitution and Supreme Court ruling, *"If business is not done in the manner described in the statute, no tax is payable."* ***Flint v Stone Tracy Co., 220 U.S. 107, 31 S. Ct. 342 (1911.)*** Plaintiffs are **not** challenging the Florida State tax laws or the Counties authority to tax a Taxpayer, rendering 28 U.S.C. §1341 a frivolous argument. FL § 220.21(1) makes it very clear that "Taxpayers" are to:

> "*keep such records as the director **deems necessary to determine whether such taxpayer or taxpayers are liable for tax under this code."***

1.5 The Honorable Court cannot ignore that levying a tax on property without first establishing a taxable situs utilizing an income return by FL Law, violates the inalienable rights of the Plaintiffs protected under Article 1 Section 2 of the Florida Constitution. Citizens who merely possess property, are not Taxpayers!

> *"His rights are such as existed by the law of the land long antecedent to the organization of the State, and* ***can only be taken from him by due process of law, and in accordance with the Constitution****. Among his rights are a refusal to incriminate himself* ***and the immunity of himself and his property from arrest or seizure except under a warrant of the law****. He owes nothing to the public so long as he does not trespass upon their rights. Upon the other hand,* ***the corporation is a creature of the State****. It is presumed to be* ***incorporated for the benefit of the public****. It receives certain special privileges and franchises, and holds them subject to the laws of the State and the limitations of its charter.* ***Its powers are limited by law****. It can make no contract not authorized by its charter.* ***Its rights to act as a corporation are only preserved to it so long as it obeys the laws*** *of its creation."* ***Hale v. Henkel****,* 201 U.S. 43 (1906)

1.6. There is no such thing as a plain, speedy and efficient remedy, in FL State courts, for a non- taxpayer, as 1) there is no process to place the Plaintiffs non commercial property onto the County's commercial ad valorem tax roll, which is the core of the Plaintiffs lawsuit, and there is no "plain speedy and efficient remedy" to remove it, as evidenced by the Tax Collectors response in the Public Records Request. 2) Nor is there a remedy for Defendants' falsifying property assessments, committing theft of immovable property, committing extortion by threatening to sell property it doesn't own or have an interest in, if the tax bill is not paid, and committing mail fraud by

using the US Postal Service to carry on this perversion of the Florida Tax Statutes.

> *"It is equally well settled that the Revenue laws relate only to taxpayers. No procedure is prescribed for a non-taxpayer where the Government seeks to levy on property belonging to him for the collection of another's tax, and no attempt has been made to annul the ordinary rights or remedies of a non-taxpayer in such cases."* ***Adler v Nichols, 166 F.2d 674, 678 (10th Cir 1948).***

**THIS IS A CIVIL RIGHTS CASE**

1.7. This is not a tax case, but a Civil Rights case, as described within the four corners of the pleading.

> *"When the power of the court is invoked to protect the right, the inquiry may be whether, in the case presented, the effect of applying the statute is to deprive the party of his property without due process of law.* ***Chase v. Trout, 146 Cal. 350, 359.***
>
> *The right of acquiring, possessing and protecting property is anchored in the first section of the first article of our Constitution. This right is as old as Magna Charta. It lies at the foundation of our constitutional government, and is necessary to the existence of civil liberty and free institutions.* ***Billings v. Hall, 7 Cal. 1, 6***

1.8. Reviewing pg. 5-9 of the Motion to Dismiss, the Defendant cites and claim to have the ability to utilize the Tax Injunction Act, 28 U.S.C. §1341 as a bar to Plaintiffs' filing a complaint, completely ignoring that this is a Civil Rights case defending Plaintiffs' property rights and to prevent conversion of property for failure to pay said taxes under threat of sale as evidenced on Exhibit C pg 2 . Plaintiffs' again emphasize the county has **NO:** title or ownership rights, or taxable interest via a return submitted to the DOR, in the property it seeks to tax.

*"That a city ordinance is not law is obvious. An ordinance is defined to be a rule or regulation adopted by a municipal corporation.'" (emphasis removed and citation omitted)); **Maner v. Dykes, 183 Ga. 118, 187 S.E. 699, 702 (1936)***

## STANDING OF PARTIES 12(b)(1):

## PASCO COUNTY TAX COLLECTOR OFFICE

2.1 The footnote at pg. 1 of Defendants "Motion to Dismiss" asserts that "The Tax Collectors's Office is not a proper party," to Plaintiff's suit, and "To the extent…construed as a proper party in this action, this motion filed on its behalf as well."

*"A core tenet of 42 U.S.C. § 1983 jurisprudence is that an official-capacity suit against an individual is really a suit against that official's government entity." **Banks v. Slay, 875 F.3d 876, 878 (8th Cir. 2017).***

2.2 The Tax Collectors's Office is governed by § 4, Art. VII of the Florida Constitution, Florida Statutes under Title XIV and guided by the Rules and Regulations of the Florida Department of Revenue. The Tax Collector is an elected official who has autonomy to direct the Tax Collectors's Office in compliance with the laws and guidelines set forth by the above entities. As the autonomous head of Pasco County Tax Collectors's Office, liable for all actions, policies and practices thereto, it is clear that the OFFICE that Defendant FASANO directs and represents is a proper party to this suit. It is worth noting that the ongoing practice and policy of the Pasco County Tax Collector Office to issue bills to fraudulently collect commercial taxes on non-

commercial property, remains unchanged from one elected administration to the next and as such appears that the 'OFFICE' entity carries on the unlawful actions complained of in this instant case, regardless of who has been elected to oversee it.

2.3 The Supreme Court has stated:

> *"official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."* ***Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).*** *In an official capacity suit, "the real party in interest ... is the governmental entity and not the named official." Id.*

When officials sued in this capacity in federal court die or leave office, their successors automatically assume their roles in the litigation. See Fed. Rule Civ. Proc. 25(d)(1). This is because the real party in interest in an official capacity suit is the governmental entity and not the named official:

*"the entity's 'policy or custom' must have played a part in the violation of federal law."* ***Graham, supra, at 166 (quoting Monell, supra, at 694)***

**MR. BLANCHARD'S ARTICLE III STANDING RELATING TO CIVIL RIGHTS**

2.4 Mr. Blanchard is one of the citizens of Florida, and the Co-owner of property located at 3201 Anata Dr. Zephyrhills, FL 33541. Mr. Blanchard has the Constitutionally protected right to privately contract with other citizens in and for all manner of specie and property and the inalienable right to possess it. In October of 2022, the Plaintiffs privately contracted and

changed ownership of a building on the property to his name, irrespective of what is shown on the warranty deed. The assessing of the property, **concurrently paid taxes under protest, and potential generation of a tax certificate for failure to pay the tax,** along with eventual sale of the home, and eviction by the County Sheriff, have lead to Mr. Blanchard's property rights being substantially affected. As such, Mr. Blanchard is "entitled" to standing as a non-taxpayer, in order to participate as a party and protect his right to possess property.

> *There are three elements to standing. The plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id. The plaintiff carries the burden of establishing those three elements, and at the pleading stage, the plaintiff must clearly allege facts demonstrating each element. Id. Moreover, the injury in fact must be both "(a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical[.]"* ***Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)***
>
> *"No authority has been presented for the proposition that a nontaxpayer, without state administrative or judicial remedies, is precluded under Section 1341 from maintaining an action in federal court because it has substantially similar interests and claims as a taxpayer that has such state remedies. A nontaxpayer that has stated a claim with respect to an assessment or collection is* ***entitled*** *to a judicial remedy in which they can participate as a party. See Builders & Developers Corp. v. Manassas Iron & Steel Co., 208 F.Supp. 485 (D.C.Md.1962) (nontaxpayer could invoke federal jurisdiction where state remedy was available only to taxpayer)"* ***Capitol v. Bennett v. Bennett, 681 F.2d 1107 (9th Cir. 1982)***

2.5 In objection to Mr. Blanchard's standing, the Defendants cite the title reflecting ownership by Vonn Sampson, a married woman. Ms. Capel is no longer married, nor does she bear her ex-husbands name. This is not

evidenced on the warranty deed, nor does lacking the name change, invalidate the warranty deed, chain of ownership, or the ability to convey or sell parts of the property. There has also been no requests for more definite statement of documentation that could reflect ownership of the property indicating that Mr. Blanchard does indeed have standing.

> *The court also finds that because the plaintiff's claim is based upon the intentional deprivation of his property interests pursuant to established state procedure, the plaintiff does not have to pursue state remedies before maintaining his § 1983 action.* ***Shelton, 754 F.2d at 1257; see also Williams v. City of St. Louis, 783 F.2d 114, 118 (8th Cir.1986).***

2.6 Defendants also claim that they can find no extant statutory law defining a "common law and equitable interest, by way of deed or other instrument" despite clear reference to titles being held "in common" on pg. 23 of the pleading in FL § 196.181 and further reflected in F.A.C. 12D-8.001(5)- ***Title to such household goods and personal effects may be held individually, by the entireties, jointly or in common with others.*** While the deed might not reflect the most up to-date information concerning ownership within the property as evidenced by the name Sampson, due to the time it takes for a name to change from divorce, the intent of the conveyance of property by Ms. Capel still grant rights of ownership to Mr Blanchard, in common, and thus equitable interest and co-ownership of the remainder of the property.

2.7 Ms. Capel has the constitutionally protected and inalienable right to own, posses and dispose of HER property as she sees fit, which included giving Mr. Blanchard the building he lives in. This was further affirmed **under penalty of perjury and sworn true**, before an authorized notary of Florida, as evidenced by the Seal of Florida, on pg. 91 of the pleading.

> *"So, if a law be in opposition to the Constitution, if both the law and the Constitution apply to a particular case, so that the Court must either decide that case conformably to the law, disregarding the Constitution, or conformably to the Constitution, disregarding the law, the Court must determine which of these conflicting rules governs the case. This is of the very essence of judicial duty. "If, then, the Courts are to regard the Constitution, and the Constitution is superior to any ordinary act of the Legislature, the Constitution, and not such ordinary act, must govern the case to which they both apply. "Those, then, who controvert the principle that the Constitution is to be considered in court as a paramount law are reduced to the necessity of maintaining that courts must close their eyes on the Constitution, and see only the law."* ***Marbury v. Madison, 5 U.S. 1 Cranch 137, 178 (1803)***

2.8 Ms. Capel, and Mr. Blanchard are each heads of their own household. Ms. Capel has no authority to enter Mr. Blanchard's household without his permission, or general knowledge, and the same is true for Mr. Blanchard, entering Ms. Capel's home. While they do share a joint account to pay for common bills such as electrical, they have entirely separate finances. Plaintiffs also share co-ownership in common of a Tow Camper titled in Mr. Blanchard's name for convenience.

2.9 It is a Fact, that Mr. Blanchard and Ms. Capel, both possess constitutionally protected rights to own property, free from all taxation, and

further affirm and allege that they are exercising their right to protect said property from the ultimate results of the taxation process meant for Taxpayers: the loss of their home due to tax sale, by the Tax Collectors Office's customs and policies.

> *It is equally well settled that the Revenue laws relate only to taxpayers. No procedure is prescribed for a non-taxpayer where the Government seeks to levy on property belonging to him for the collection of another's tax, and no attempt has been made to annul the ordinary rights or remedies of a non- taxpayer in such cases. If the Government sought to levy on the property of A for a tax liability owing by B, A could not and would not be required to pay the tax under protest and then institute an action to recover the amount so paid.* ***Adler vs. Nicholas, 166 F.2d 674 (10th Cir. 1948).***

## ADDRESSING "FAILURE TO STATE A CLAIM"

> *To establish a prima facie case under 42 U.S.C. § 1983, plaintiffs must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right****. Parratt vs. Taylor, 451 U.S. 527, 535 (1981).***

3.1 "May not sue Defendants under 42 USC § 1983, Counts I, II, III, due to TIA and State Remedies:"

Plaintiffs believe that they have beat this horse to oblivion, and enunciated the impossibility of Tax Injunction Act and 28 U.S.C §1341 baring a 42 U.S.C 1983, in Section 1, of this response. There is ample evidence presented in the pleading showing a lack of remedy for non-taxpayers and utilization of Tax Statutes to deprive Plaintiffs of their constitutional rights

due to customs and policies of the collectors office acting under the "color of law," without In Rem Jurisdiction.

> *The U.S. Supreme Court has ruled; "A municipality has no immunity from liability under § 1983 flowing from its constitutional violations and may not assert the good faith of its officers as a defense to such liability."* ***Owen v. City of Independence, 445 U.S. 622 (1980)***

3.2 "Counts I and II pursuant to 18 U.S.C. §242:"

By refusing to safeguard the Citizens of Florida and Plaintiffs against collection of an **erroneous** tax, the Defendants violated State and Federal Constitutionally protected rights to own and possess property, utilizing the "<u>Color of Law</u>" to coerce and threaten Plaintiffs' homes with seizure and sale, if the tax was not paid. FASANO had the duty to execute FL Statute, Ch. 197 (Tax Collector Duties,) when Plaintiffs raised their concerns and notified the Tax Collector of the errors as shown in the Public Records Requests, pg. 43-50. Ignoring these Statutes, **subrogating** responsibility to other Persons, and omitting the required duties, has lead to the reasons for depravations of 18 U.S.C. §242:

> ***§197.123 Erroneous returns; notification of property appraiser.****—If a tax collector has reason to believe that a taxpayer has filed an* ***erroneous*** *or incomplete statement of her or his personal property or has not disclosed all of her or his property subject to taxation, the collector* ***must notify*** *the property appraiser of the* ***erroneous*** *or incomplete statement.*
>
> ***§197.131 Correction of erroneous assessments****.—Any tax collector who discovers an erroneous assessment* ***shall notify*** *the property appraiser.*

> ***§197.146 Uncollectible personal property taxes; correction of tax roll.*** *—A tax collector who determines that a tangible personal property account is uncollectible may issue a certificate of correction for the current tax roll and any prior tax rolls. The tax collector* ***shall notify*** *the property appraiser that the account is invalid, and the assessment may not be certified for a future tax roll.*

> ***Erroneous****: Incorrect; <u>inconsistent with the law</u> or the facts.* ***BL 8th***

3.3 Count IV Seeks Relief pursuant to 18 U.S.C. §241:

All named Defendants jointly used public information to generate an unlawful assessment without an income return, in order to: create and levy a tax bill, threaten to seize homes if the tax is not paid, and use the USPS to send such threats. The Defendants meet the construal of 18 U.S.C. §241. Plaintiffs are the victims of this conspiracy against rights, due to the custom and policy of all Defendants being enforced on non-taxpayers.

3.4 Count IV relief pursuant to 42 U.S.C. §1985(3):

> *"If two or more persons in any State or Territory conspire"…" on the premises of another, for the purpose of depriving, either directly or indirectly,* ***any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws,"***

All five Defendants acted in collusion via policy and custom to deprive the Plaintiffs of property. As noted in sections 2.1-2.3, Defendants do not have intracorporate immunity due to violating constitutionally protected rights, under said customs and policies due to the Offices being Constitutionally elected and this being an official capacity suit.

3.5 Count V relief pursuant to 42 U.S.C. §1982:

Defendants' seek to dismiss a claim under 42 USC § 1982 based on claims of a "discriminatory animus." Non-Taxpayers are a class of persons that have inalienable and Constitutionally protected Rights in property that are being discriminated against in favor of a Taxpayer (or other Legal Entity's) Privilege of owning property. The Defendants, enforcing privileges with taxes over inalienable rights outside of the scope of law and by custom and policy, creates the discriminatory animus towards the Citizens and Plaintiffs, by requiring a Taxpayer obligation in order to own property, thus affecting the class of all non-Taxpayers within Pasco County.

> *Life is the gift of God, and the right to preserve it is the most sacred of the rights of man. Liberty is freedom from all restraints but such as are justly imposed by law. Beyond that line lies the domain of usurpation and tyranny. Property is everything which has an exchangeable value, and the right of property includes the power to dispose of it according to the will of the owner. Labor is property, and as such merits protection. The right to make it available is next in importance to the rights of life and liberty. It lies to a large extent at the foundation of most other forms of property, and of all solid individual and national prosperity. "Due process of law" is the application of the law as it exists in the fair and regular course of administrative procedure. "The equal protection of the laws" places all upon a footing of legal equality and gives the same protection to all for the preservation of life, liberty, and property, and the pursuit of happiness.* ***Slaughter-House Cases, 83 US 36 - Supreme Court 1873***

3.6. "Failed to comply with FRCP" and is a "Shotgun Pleading"

> *"The Court must treat the complaint's factual matter as true and construe Plaintiff's complaint in the light most favorable to Plaintiff, even if doubtful in fact."* ***See Erickson v Pardus, 551 U.S. 89 (2007); Scheuer v Rhodes, 416 U.S. 232, 236 (1974)***

Plaintiffs Complaint is compliant with the heightened pleading standard imposed by *Ashcroft v Iqbal, 556 U.S. 662, 697 (2009) and Bell Atlantic Corp. v Twombly, 550 U.S. 544, 555 (2007)* requiring that the Plaintiffs prove sufficient factual matter in a simple, concise and direct form based in law and fact with specificity stating a valid legal cause of action for the claimed violations that clearly evidences the unlawful conduct complained of within the meaning of Title 42 U.S.C. § 1982, § 1983, § 1985, § 1986 and pursuant to the Federal Rules of Civil Procedure. On a Rule 12 (b)(6) motion, the court must determine

> *"whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief."-* ***Thunder Properties, INC. v. Treadway, 2016; Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir.2011)(citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)).***
>
> *"This case instead turns on a narrower question: Did respondent, as the plaintiff in the District Court, plead factual matter that, if taken as true, states a claim that petitioners deprived him of his clearly established constitutional rights."* ***Ashcroft v. Iqbal, 556 U.S. 662, 666 (2009)***

**SUMMARY**

4.1 It is a FACT that Defendants have FAILED to provide Plaintiff and this Honorable Court their statutory authority or any adequate evidence that would lead Plaintiffs, both a reasonable woman and man with reasonable intelligences to believe that Plaintiffs have an "obligation" and/or a legal duty and is liable to pay a commercial ad valorem tax on Plaintiff's non-

commercial property, that is used only for private use of the owner and as a matter of substantive right to acquire, possess, own, protect, and enjoy property as guaranteed pursuant to the Constitution of Florida Article I § 2.

4.2 It is a FACT that Defendants' "Motion to Dismiss" filed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) failed to state any legal deficiencies within the four corners of Plaintiff's civil rights complaint. Their motion to dismiss Counts I, II, III, IV and V should be denied as Plaintiff has sufficiently established the ongoing violation of rights as related to 42 USC § 1982, § 1983 and § 1985 for both Defendant FASANO (Individual and Official Capacity) and PASCO COUNTY TAX COLLECTOR OFFICE.

4.3 The Defendants and their attorneys, who have all taken an oath to protect the people's rights and the Constitution, appear to believe that the taking of a man or woman's money/home/property under color of tax code/ statutes is frivolous and not a claim upon which relief can be granted. Further, the Constitution doesn't immunize public servants from committing crimes against the People of Florida.

## CONCLUSION AND RELIEF SOUGHT

It's well established law that Plaintiffs' property rights are basic civil rights which named Defendants have deprived.

> *The right to enjoy property without unlawful deprivation, no less than the right to speak or the right to travel, is in truth a "personal" right, whether the "property" in question be a welfare check, a home, or a savings account. In fact, a fundamental interdependence exists between the personal right to liberty and the personal right in property. Neither could have meaning without the other. That rights in property are basic civil rights has long been recognized.* ***J. Locke, Of Civil Government 82-85 (1924); J. Adams, A Defense of the Constitutions of Government of the United States of America, in F. Coker, Democracy, Liberty, and Property 121-132 (1942); 1 W. Blackstone, Commentaries *138-140.***
>
> *Congress recognized these rights in 1871 when it enacted the predecessor of §§ 1983 and 1343 (3). We do no more than reaffirm the judgment of Congress today. "* ***Lynch v. Household Finance Corp., 405 US 538 - Supreme Court 1972; Cedarbrook Realty, Inc. v. Nahill, 399 A. 2d 374 - Pa: Supreme Court 1979***

WHEREFORE, by the reasons and authorities cited above, Plaintiffs, Benjamin Blanchard and Vonn Capel, move this Court to ORDER immediate dismissal of Defendant Tax Collectors Office and Mike Fasanos's Motion to Dismiss Counts I, II, III, IV, AND V as frivolous and for failure to state any clarification of the issues complained of in Plaintiffs' complaint to meet the elements of Fed. R. Civ. P. 12(b)(1) and 12(b)(6), thereby allowing this case to move to discovery where Defendants can show Plaintiff and the Court evidence of lawful authority for their actions.

**Submitted this 4 day of March 2023.**

_/s/ Benjamin Blanchard__ /s/ Vonn Capel____

**Benjamin Blanchard** **Vonn Capel**

## CERTIFICATE OF SERVICE

We HEREBY CERTIFY that on March 4, 2024, a true and correct copy of the above was electronically transmitted to the PASCO COUNTY, TAX COLLECTORS OFFICE and MIKE FASANO using the Electronic Document Submission Web Portal, CM/ECF System and that an email copy will be served upon the following via transmission of Notices of Electronic Filing generated by the CM/ECF System.

Loren E. Levy- Lead Counsel
Sydney E. Rodkey
1828 Riggins Road
Tallahassee, Florida 32308
Telephone: 850/219-0220
E-mail: *eservice@levylawtax.com*
*srodkey@levylawtax.com*
*gsmith@levylawtax.com*

Frederick T. Reeves, P.A.
5709 Tidalwave Drive
New Port Richey, Florida 34652
Telephone (727) 844-3006
Facsimile (727) 844-3114
freeves@tbaylaw.com
vicki@tbaylaw.com

Robert C. Hale
Pasco County Attorney's Office
West Pasco Government Center
8731 Citizens Drive Suite 340
New Port Richey, FL 34654
rhale@pascocountyfl.net