UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VONN CAPEL and RICHARD
BLANCHARD,

      Plaintiff,

v.                                   Case No.  8:24-cv-352-WFJ-CPT

PASCO COUNTY, *et al.*,

      Defendants.

_____/

## ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE

This matter comes before the Court upon the Motions to Dismiss, Dkts. 30, 31, 32, the Amended Complaint, Dkt. 26.  The Motions are granted.  The Amended Complaint ("AC") is not amenable to cure and is dismissed with prejudice.

The 41-page *pro se* AC asserts claims under the "Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States constitution."  Dkt. 26 at 3.  Defendants are the Pasco County property appraiser and tax collector, their respective offices, and Pasco County itself.  The gravamen of the complaint, repeated throughout, is that Defendants are assessing ad valorem property taxes on a piece of residential property in Pasco County without "the required constitutional

situs and income return." *Id.* at 2, 4, 7, 8.  Without this "situs and income return," the properties may not be taxed.  *Id.* at 4.

The AC contends that Article VII of the Florida Constitution requires "situs" for taxpayers, the absence of which here deprives the Defendants of taxing authority.  *Id.* at 6.  This lack violates the aforesaid federal constitutional amendments.  Plaintiff contends the entire State of Florida "is completely ignorant of the Constitutional situs for Ad Valorem Taxation and income requirement for property to be on the rolls, tangible or intangible." *Id.* at 8.

After an introduction, the AC goes into recitation of law that is difficult to follow.  *Id.* at 8–13.  It appears multiple provisions of Florida statutes are set forth and are alleged to be violated.  They allege the taxation of their realty by the County violates these sundry state statutes, and is "continuing the vicious cycle for chilling inalienable rights." *Id.* at 15.

Count I alleges a claim for "Fraud Under Color of Law."  Although the Plaintiffs reside on the property (*id.* at 2-3) and receive a homestead exemption (Dkt. 26 Ex. B), the AC contends that the property is falsely classified as "residential." *Id.* at 24.  And Count I asserts the property should never have been subject to ad valorem realty tax at all.  *Id.* at 24–25.

Count II alleges a "Conspiracy against Rights." *Id.* at 26.  Count III asserts the Defendants are "Acting like Robber Barrons [sic] of America's history" and

thus intentionally inflicting emotional stress. *Id.* at 27. Count IV sounds in negligence. "Federal Causes of Action" begin with Count V. Count V asserts a 42 U.S.C. § 1983 claim for a fourth amendment violation due to unlawful seizures. This Count appears to seek collective relief "for all others similarly situated in Pasco County, being plagued by property taxes." *Id.* at 29. Count VI asserts a fifth amendment takings claim and Count VII asserts a residual claim for the people's rights under the ninth amendment. Count IIX [sic] asserts a fourteenth amendment due process claim.

For relief the AC seeks an injunction plus compensatory and punitive damages. The AC seeks treble compensatory damages totally $2,850,000 and punitive damages in the amount of $190,000,000. *Id.* at 39. As to the injunction, Plaintiffs seek to enjoin the Defendants from enforcing its taxation policies related to Plaintiffs' property, and further seek to enjoin the Defendants from "assessing all property within the county as taxable without an income return filed and demonstrating assessable situs per Constitutional requirements." *Id.* at 40.

In their motions to dismiss, Defendants first state that the Tax Injunction Act, 28 U.S.C. § 1341 requires dismissal. Dkt 30 at 1–4; Dkt. 31 at 5–10; Dkt. 32 at 6–11. The Defendants assert other defenses as well, such as Plaintiff Blanchard's possible lack of standing, and the Defendant's likely sovereign immunity under State tort law and issue of qualified immunity under the federal causes of action.

## ANALYSIS OF THE ISSUES

The Tax Injunction Act states "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state."  28 U.S.C. §1341.  The Act "embodies the general principle that the jurisdiction of the federal courts to 'interfere with so important a local concern as the collection of taxes' must be drastically limited."  *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1242 (11th Cir. 1991) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981)); *I.L. v. Alabama*, 739 F.3d 1272, 1282 (11th Cir. 2014) ("The Tax Injunction Act is a 'jurisdictional rule' and constitutes a 'broad jurisdictional barrier.'").  The intent to limit federal court jurisdiction in state tax matters is "consistent with and implements the principles of comity between federal and state governments."  *See Winicki v. Mallard*, 615 F. Supp. 1244, 1247–50 (M.D. Fla. 1985) *aff'd*, 783 F.2d 1567, 1570 (11th Cir. 1986).

Absent a showing by a plaintiff that state law does not provide an adequate remedy for his constitutional claims, federal courts lack jurisdiction to entertain challenges to a state's scheme of taxation.  *Colonial Pipeline*, 921 F.2d at 1242. The Tax Injunction Act bars the exercise of federal jurisdiction when "(1) the relief requested by the plaintiff will 'enjoin, suspend, or retrain' a state tax assessment and (2) the state affords the plaintiff a 'plain, speedy and efficient remedy.'"  *Terry*

*v. Crawford*, 615 F. App'x 629, 630 (11th Cir. 2015) (quoting *Williams v. City of Dothan*, 745 F.2d 1406, 1411 (11th Cir. 1984)).  A state court remedy is "plain, speedy and efficient" if it provides the taxpayer with a full hearing and judicial determination at which he or she may raise any and all constitutional objections to the tax.  *Rosewell*, 450 U.S. at 503.  It is a plaintiff's initial burden to make a showing that there is no "plain, adequate, and complete state remedy available" in order to overcome the jurisdictional bar of the Tax Injunction Act.  *Winicki*, 783 F.2d at 1570.  A § 1983 claim does not remove the jurisdictional bar imposed by the Tax Injunction Act.  *Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 590 (1995).

Florida has a comprehensive statutory scheme for counties to assess and collect taxes simultaneously with procedures for taxpayers to challenge their tax assessments.  Florida taxpayers have both administrative and judicial remedies in the state system.  A taxpayer may file suit in circuit court contesting an ad valorem assessment pursuant to section 194.171, Florida Statutes (2023), which confers jurisdiction to the circuit courts as to "all matters relating to property taxation." Art. V, 20(c)(3), Fla. Const. ("Circuit courts shall have jurisdiction . . . in all cases involving legality of any tax assessment or toll"); *Torres v. Wells*, No. 8:16-cv-2640-T-23AAS, 2017 WL 397609, at *3 (M.D. Fla. Jan. 30, 2017) (stating Florida

provides judicial review of ad valorem tax assessments, a plain, speedy, and efficient remedy, therefore, plaintiff is unable to maintain a § 1983 claim).

The Eleventh Circuit has noted that Florida provides a "plain, speedy and efficient" remedy to all aggrieved Florida taxpayers. *Osecola v. Florida Dept. of Revenue*, 893 F.2d 1231, 1233 (11th Cir. 1990); *see also Lussier v. State of Fla., Dep't of Highway Safety & Motor Vehicles*, 972 F. Supp. 1412, 1422 (M.D. Fla. 1997) ("Eleventh Circuit Court of Appeals has decided that Florida's courts provide remedies sufficient to satisfy the Tax Injunction Act"). Florida provides all taxpayers a "full hearing and judicial determination" at which time the taxpayer may raise any and all constitutional objections to tax. *Winicki*, 615 F. Supp. at 1248-49, *aff'd*, 783 F.2d at 1570; *see also Osecola*, 893 F. 2d at 1233 ("Florida courts are also given power to issue declaratory and injunctive relief in tax cases.").

Florida circuit courts possess broad powers of review. *McKinney v. Pate*, 20 F.3d 1550, 1563 (11th Cir. 1994); *City of Deerfield Bch. v. Vaillant*, 419 So.2d 624, 626 (Fla. 1982). The review afforded to Florida circuit courts gives them the power to remedy loss both in terms of damages and equitable relief, therefore, the Florida procedures satisfy procedural due process and constitute an adequate state remedy. *McKinney*, 20 F.3d at 1563–64. In detail, the Eleventh Circuit held:

> The Florida constitution grants to the state's circuit courts jurisdiction to hear challenges to any state tax. Florida courts are also given power

> to issue declaratory and injunctive relief in tax cases.  Furthermore, a Florida taxpayer has the statutory right to seek a tax refund from the state.  The Florida Supreme Court has held that this statute authorizes the refund of taxes paid under an unconstitutional law.  Moreover, this circuit has held that the Florida tax remedies are "plain, adequate, and complete."

*Osceola*, 893 F.2d at 1233 (citations omitted).  Taxpayers in Florida have a plain, speedy, and efficient remedy to address tax issues; therefore, federal courts are stripped of jurisdiction for actions that attempt to enjoin, suspend, or restrain a state tax assessment.

Beyond the bar imposed by the Tax Injunction Act, the AC is dismissed because it is simply frivolous.  The theories espoused in the AC make no sense, and have no merit in fact or law.  The record shows that in the 2023 TRIM notice Plaintiff Capel received an assessment reduction under the Florida Save Our Homes provision, a $25,000 homestead exemption, and an additional homestead exemption of $5,180.  This was a modest piece of residential real estate and the taxes assessed for 2023 were approximately $400, which Capel paid.  Dkt. 26, Exs. B, C.  The theories concocted by the AC make no sense, and cannot be divined to compose a legal theory that comes near to stating a claim.  The AC is not subject to remediation or cure and any second amended complaint would be futile.  Although a dismissal for lack of subject matter jurisdiction under the Tax Injunction Act would have to be without prejudice, all of these claims are entirely frivolous on their merit and substance.  Thus, they are dismissed with prejudice.

**DONE and ORDERED** at Tampa, Florida, on August 2, 2024

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

.