**Fred Reeves**

| | |
|---|---|
| **From:** | Fred Reeves <freeves@tbaylaw.com> |
| **Sent:** | Monday, March 25, 2024 8:06 PM |
| **To:** | 'Benny Blanchard' |
| **Cc:** | 'freeves@tbaylaw.com'; 'vicki@tbaylaw.com' |
| **Subject:** | RULE 11 MOTION - 21-DAY SAFE-HARBOR NOTICE - Case 8:24-cv-00352-WFJ-CPT Capel et al v. Pasco County et al |
| **Attachments:** | tax collector capel rule 11 motion 032524 PDF.pdf |

**SERVICE BY FIRST CLASS U.S. MAIL AND e-mail bennyblanchard@protonmail.com ON MARCH 25, 2024**

Ms. Vonn and Mr. Blanchard, attached please find an unfiled copy of the **TAX COLLECTOR DEFENDANTS' MOTION FOR SANCTIONS AND AWARD OF ATTORNEY'S FEES UNDER Fed.R.Civ.P. 11 AGAINST PLAINTIFFS, VONN CAPEL and BENJAMIN BLANCHARD.**

Pursuant to Federal Rule of Civil Procedure 11(c)(2), please consider this e-mail and postal mailing as **the 21-day notice** required before I may file the attached motion with the Court. As stated in Rule 11 (c)(2), a Rule 11 motion "...must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."

As you will see upon a review of the motion, it seeks sanctions and attorney's fees against you and Ms. Capel based on the filing of the Amended Complaint. Please govern yourself accordingly.

Fred Reeves

Frederick T. Reeves
Frederick T. Reeves, P.A.
5709 Tidalwave Drive
New Port Richey, Florida 34652
Telephone: (727) 844-3006
Facsimile: (727) 844-3114
Email: freeves@tbaylaw.com

The information contained in this e-mail message is intended for the personal and confidential use of the recipient(s) named above. This message and its attachments may be an attorney-client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone or e-mail and delete the original message.

EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VONN CAPEL and BENJAMIN
BLANCHARD, *pro se,*

      Plaintiffs,

                               **Case No. 8:24-cv-00352-WFJ-CPT**

v.

PASCO COUNTY; PASCO
COUNTY PROPERTY APPRAISER
OFFICE; PASCO COUNTY TAX
COLLECTOR OFFICE; MIKE WELLS,
in his official and individual capacity;
and MIKE FASANO, in his official
and individual capacity

      Defendants.

_____/

## TAX COLLECTOR DEFENDANTS' MOTION FOR SANCTIONS AND AWARD OF ATTORNEY'S FEES UNDER Fed.R.Civ.P. 11 <u>AGAINST PLAINTIFFS, VONN CAPEL and BENJAMIN BLANCHARD</u>

Pursuant to Fed.R.Civ.P. 11, Defendants, MIKE FASANO both in his official

capacity as the PASCO COUNTY TAX COLLECTOR and individually, and

PASCO COUNTY TAX COLLECTOR OFFICE[1] ("Tax Collector Defendants"),

through counsel, hereby file this motion for sanctions and supporting

---

[1] The Plaintiffs have listed the PASCO COUNTY TAX COLLECTOR OFFICE as a defendant herein. The undersigned does not believe that the PASCO COUNTY TAX COLLECTOR OFFICE is a legal entity that can be sued and be a party to litigation apart from MIKE FASANO in his official capacity as the PASCO COUNTY TAX COLLECTOR. However, is an abundance of caution and reserving all such objections, this motion is also filed on behalf of the PASCO COUNTY TAX COLLECTOR OFFICE.

memorandum of law arising out of Plaintiffs' unwarranted filing of the First Amended Civil Rights Complaint for Damages, Injunctive Relief, and Demand for Jury Trial ("Amended Complaint") (Doc. 26) and state:

## Relief Requested

1.      The Tax Collector Defendants request the Court to enter sanctions against Plaintiffs pursuant to Fed.R.Civ.P. 11, including without limitation directing Plaintiffs to pay the reasonable attorney's fees and other expenses directly resulting from Plaintiffs' unwarranted and frivolous filing of the Amended Complaint.

## Memorandum of Law

2.      On March 18, 2024, Plaintiffs, Vonn Capel and Benjamin Blanchard, filed the Amended Complaint (after the Court had dismissed their initial complaint as frivolous and without legal merit [Order of Dismissal, Doc. 24]) alleging the following claims:

A.      Count I, a "state cause of action" for "fraud under color of law";

B.      Count II, a "state cause of action" for "conspiracy against rights";

C.      Count III, a "state cause of action" for "Intentional Infliction of Emotional Stress";

D.      Count IV, a "state cause of action" for negligence;

E.      Count V, a "federal cause of action," a 42 USC §1983 claim based on an alleged violation of the Fourth Amendment to the U.S. Constitution;

F.     Count VI, a "federal cause of action," a 42 USC §1983 claim based on an alleged violation of the Fifth Amendment to the U.S. Constitution;

G.     Count VII, a "federal cause of action," a 42 USC §1983 claim based on an alleged violation of the Ninth Amendment to the U.S. Constitution; and

H.     Count "IIX", a "federal cause of action," a 42 USC §1983 claim based on an alleged violation of the Fourteenth Amendment to the U.S. Constitution.

## I.    **Statement of Facts**

3.     On February 6, 2024, Plaintiffs commenced this action by filing the initial complaint (Doc. 1) (the "Initial Complaint") against the named defendants. The Complaint was ultimately served on all defendants.

4.     The Initial Complaint was 92 pages long, not including exhibits, and sought to have the Court (1) enjoin the defendants (including the Tax Collector Defendants) from assessing, levying and/or collecting property taxes against, on, and from the Plaintiffs; (2) award damages, including punitive damages, against the defendants; and (3) enforce criminal laws against the defendants.

5.     Plaintiffs attempted to plead their claims in the Initial Complaint as *civil rights* claims. Plaintiffs claimed to have brought Counts I, II and III pursuant to **42 U.S.C. §1983** (Initial Complaint at page 58); Count IV pursuant to **42 U.S.C. §1985** (Initial Complaint at page 77); and Count V pursuant to **42 U.S.C. §1982** (Initial Complaint at page 79).

6. On March 7, 2024, after substantial motion practice, the Court entered the Order of Dismissal (Doc. 24), which expressly provided that the Initial Complaint's central contention, that Pasco County may not tax homestead real property located in the County, was frivolous and without legal merit:

> ENDORSED ORDER dismissing the case and terminating all motions. The gravamen of the complaint is that Pasco County may not tax homestead real property located in the County. ***That is a frivolous contention and without legal merit. If Plaintiffs wish to replead the complaint, any amended complaint must not be based upon this contention. Although expensive sometimes and annoying always, real property tax is legal and constitutional.*** If an amended complaint is not on file within 14 days, the matter will be closed. The Clerk will terminate all pending matters.

Order of Dismissal (Doc. 24) (emphasis supplied).

7. On March 18, 2024, Plaintiffs filed their amended complaint (Doc. 26) ("Amended Complaint") seeking the same relief and alleging the following claims:

A. Count I, a "state cause of action" for "fraud under color of law";

B. Count II, a "state cause of action" for "conspiracy against rights";

C. Count III, a "state cause of action" for "Intentional Infliction of Emotional Stress";

D. Count IV, a "state cause of action" for negligence;

E. Count V, a "federal cause of action," a 42 USC §1983 claim based on an alleged violation of the Fourth Amendment to the U.S. Constitution;

F. Count VI, a "federal cause of action," a 42 USC §1983 claim based on an alleged violation of the Fifth Amendment to the U.S. Constitution;

G. Count VII, a "federal cause of action," a 42 USC §1983 claim based on an alleged violation of the Ninth Amendment to the U.S. Constitution; and

H. Count "IIX", a "federal cause of action," a 42 USC §1983 claim based on an alleged violation of the Fourteenth Amendment to the U.S. Constitution.

8. Significantly, and aside from ruling that the central contention of the Initial Complaint, that Pasco County may not tax homestead real property located in the County, was frivolous and without legal merit, the Order of Dismissal (Doc. 24) expressly stated that "(i)f Plaintiffs wish to replead the complaint, any amended complaint *must not be based upon this contention*." This is precisely what Plaintiffs have done in the Amended Complaint.

9. All claims in the Amended Complaint are jurisdictionally barred by the Tax Injunction Act, 28 USC §1341, and Plaintiffs have been aware of this at least since the filing and service of defendants' motions to dismiss the Initial Complaint (Docs. 14, 15 and 17). *See, e.g., Osceola v. Florida Dept. of Revenue*, 893 F.2d 1231, 1232 (11th Cir. 1990); *Winicki v. Mallard*, 783 F.2d 1567, 1570 (11th Cir. 1986)

10. Additionally, on the merits, none of the claims pled in the Amended Complaint state a cause of action.

## II. **Legal Standard – Motion for Sanctions**

### A. **Motion for Sanctions Legal Standard**

11.     Under Rule 11, an unrepresented party (or parties) who file a

pleading, motion, or other filing in federal court "certifies that to the best of the

person's knowledge, information, and belief, formed after an inquiry reasonable

under the circumstances" that:

 i. it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

 ii. the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

 iii. the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

 iv. the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information.

12.     Consequently, sanctions may be awarded pursuant to Rule 11: (1)

when a party files a pleading or motion that has no reasonable factual basis; (2)

when the party files a pleading or motion that is based on a legal theory that has

no reasonable chance of success and that cannot be advanced as a reasonable

argument to change existing law; or (3) when the party files a pleading or motion

in bad faith for an improper purpose. *Anderson v. Smithfield Foods, Inc.*, 353 F.3d

912, 915 (11th Cir. 2003); *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001);

*Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).

13. The appropriateness of Rule 11 sanctions is determined by an objective standard. The inquiry is whether the party's claims exhibit "a deliberate indifference to obvious facts" and whether the person who signed the pleading should have been aware that the claims were without any factual basis. *King v. Bd. of Cnty. Commissioners, Polk Cnty., Fla.,* No. 8:16-CV-2651-T-33TBM, 2018 WL 4568865 (M.D. Fla. Feb. 9, 2018) citing *Baker v. Alderman,* 158 F.3d 516, 524 (11th Cir. 1998). Where "the plain language of an applicable statute and the case law preclude relief," sanctions are appropriate. *Id.* (footnotes omitted). As the Advisory Committee Notes for Rule 11 explain, however, "Rule 11 motions ... should not be employed ... to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11 advisory committee's note (1993 Amendments); *Lawson v. Sec'y, Dep't of Corr.,* 13–12786, 2014 WL1491862, \*1 (11th Cir. Apr. 17, 2014) (quoting *Cooler & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405 (1990)) (holding "[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney [or party] has abused the judicial process, and, if so, what sanction would be appropriate."). Sanctions may be assessed if actually groundless allegations, which are patently frivolous, have been made. Fed. R. Civ. P. 11.

14.     All conditions precedent as set forth in Rule 11(c)(2) have been met, but the party or parties against whom this Motion has been directed failed to withdraw or otherwise correct the Amended Complaint within twenty-one (21) days after service of a duplicate copy of this Motion, which was served on Plaintiffs on March 25, 2024.

## B.     State Court Claims – Counts I through IV

15.     Pursuant to the Tax Injunction Act, 28 USC §1341, the Court lacks subject matter jurisdiction to hear the Amended Complaint's state court claims. *Osceola v. Florida Dept. of Revenue,* 893 F.2d 1231, 1232 (11th Cir. 1990); *Winicki v. Mallard,* 783 F.2d 1567, 1570 (11th Cir. 1986); *National Private Truck Council, Inc. v. Oklahoma Tax Comm'n,* 555 U.S. 582, 591; 115 S.Ct. 2351, 2357; L.Ed.2d 509 (1995). *Fair Assessment in Real Estate Ass'n, Inc. v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). *See also Turner v. Baldwin,* 2019 WL 5423389 (M.D. Fla. 2019).

16.     The gravamen of the state court claims is that Pasco County may not tax homestead real property located in the County which, as previously stated by the Court, "…is a frivolous contention and without legal merit." Order of Dismissal (Doc. 24).

17.     Additionally, on the merits, none of the state court claims state a cause of action:

A.     as to Count I, while the Tax Collector Defendants are uncertain what is meant by "fraud under color of law," there certainly is no fraud claim against

the Tax Collector Defendants based upon specious claims that the Tax Collector Defendants "…should have confirmed there was an income return before creating a Tax bill on Plaintiff's property for Ad Valorem taxes," Amended Complaint paragraphs 79 and 80, or that the Tax Collector Defendants "…created false and misclassified entries on official documents…," Amended Complaint at paragraph 81. This claim is frivolous and without merit, and clearly does not state a cause of action.

B.      as to Count II, the undersigned can find no recognized state cause of action based on "conspiracy against rights," and there certainly is no conspiracy claim based upon specious claims that the defendants conspired against Plaintiffs to "…deprive them of their property rights." Amended Complaint at paragraph 86. This claim is frivolous and without merit, and clearly does not state a cause of action.

C.      as to Count III, a cause of action for intentional infliction of emotional distress may not be based on some specious, frivolous claim that a person's property is not subject to *ad valorem* taxation or that he and/or she possess some unknown and unrecognized right NOT to be taxed. This claim is frivolous and without merit, and clearly does not state a cause of action.

D.      as to Count IV, no viable cause of action sounding in negligence exists based on the Tax Collector Defendants allegedly failing to remove Plaintiffs' property from the tax rolls, exposing Plaintiffs to an "unlawful property tax," or "failing to protect Plaintiffs inalienable rights and private property." Amended Complaint at paragraph 92. The Tax Collector Defendants owned Plaintiffs no such duty. This claim is frivolous and without merit, and clearly does not state a cause of action.

## C.      Federal Causes of Action

18.     Pursuant to the Tax Injunction Act, 28 USC §1341, the Court lacks subject matter jurisdiction to hear the Amended Complaint's federal causes of action, Counts V through "IIX." *Osceola v. Florida Dept. of Revenue,* 893 F.2d 1231, 1232 (11th Cir. 1990); *Winicki v. Mallard,* 783 F.2d 1567, 1570 (11th Cir. 1986); *National Private Truck Council, Inc. v. Oklahoma Tax Comm'n,* 555 U.S. 582, 591; 115

S.Ct. 2351, 2357; L.Ed.2d 509 (1995). *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). *See also Turner v. Baldwin*, 2019 WL 5423389 (M.D. Fla. 2019).

19.    All federal causes of action, Counts V through "IIX," are claimed to be brought pursuant 42 U.S.C. §1983. Plaintiffs may not sue Defendants under 42 USC §1983 because the Tax Injunction Act and principles of comity prohibit such actions and because the State of Florida provides adequate remedies to address any deprivation. *National Private Truck Council, Inc. v. Oklahoma Tax Comm'n*, 555 U.S. 582, 591; 115 S.Ct. 2351, 2357; L.Ed.2d 509 (1995). *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). *See also Turner v. Baldwin*, 2019 WL 5423389 (M.D. Fla. 2019).

20.    Count V alleges absolutely no facts that show a violation of the Fourth Amendment's proscription against unreasonable searches and seizures – it is frivolous, without merit, and fails to state a cause of action.

21.    Count VI does not remotely state a viable Fifth Amendment due process or takings claims based on the defendants' lawful assessment and collection of *ad valorem* taxes. Plaintiffs' legal theories challenging the lawful assessment and collection of *ad valorem* taxes are implausible, frivolous, fantastical, without merit, and state no cause of action.

22.     Count VII does not remotely state a viable Ninth Amendment claim.
Plaintiffs have not advanced any facts (and can advance no facts) supporting a
claim that the Ninth Amendment, somehow, prevents the defendants from
assessing and collecting lawful *ad valorem* taxes against the subject property.  There
simply is no plausible claim here.  Count VII is implausible, frivolous, fantastical,
without merit, and states no cause of action.

23.     Count VIII does not remotely state a viable Fourteenth Amendment
claim.  The fact that Plaintiffs may or may not have an "…inalienable protected
interest in liberty and property," Amended Complaint at paragraph 111, in no way
prohibits defendants from assessing and collecting *ad valorem* taxes against the
subject property.  There simply is no plausible claim here.  Count VIII is frivolous,
fantastical, without merit, and states no cause of action.

24.     None of the criminal laws pled in the Amended Complaint may be
enforced in this civil action and this court may not direct criminal prosecution.  *See*
**Defendants Mike Fasano, as Pasco County Tax Collector and Individually, and**
**Pasco County Tax Collector Office's Motion to Dismiss Complaint (Doc. #1)**
**with Prejudice Pursuant to Rules 12(b)(1) and 12(b)(6) (Doc. 14)**, pages 16-17[2];

_____

[2] No citizen has the right to institute criminal prosecution.  *Linda R. v. Richard V.*,
410 US 614, 619, 93 S.Ct. 1146, 1149. 35 L.Ed.2d 536 (1973) ("In American
jurisprudence at least, a private citizen lacks a judicially cognizable interest in the
prosecution or nonprosecution of another").  Also, this court cannot direct that a
federal prosecution occur; authority to investigate and initiate criminal complaints

III.  **Argument**

25.    Plaintiffs filed a patently groundless amended complaint, which

provides objectively frivolous claims that Plaintiffs knew, or should have known,

were frivolous at the time of filing the amended complaint[3].  Based on the motions

to dismiss filed by defendants in response to the Initial Complaint (Docs. 14, 15

and 17), in which the application of the Tax Injunction Act was clearly set forth

and other objections pled, and the Court's Order of Dismissal (Doc. 24), which

found the gravamen of the Initial Complaint, that Pasco County may not tax

homestead real property located in the County, frivolous and without legal merit,

and further cautioned Plaintiffs against filing an amended complaint based on this

same contention, Plaintiffs were aware of the frivolous and abusive nature of the

claims pled in the Amended Complaint. Nevertheless, despite the foregoing

---

rests exclusively with federal prosecutors.  *Stoll v. Martin,* 2006 WL 2024387 (N.D. Fla. 2006), *citing Inmates of Attica Correctional Facility v. Rockefeller,* 477 F.2d 375 (2d Cir. 1973) (holding only United States Attorney has discretion over whether to prosecute in a particular case) and *Young v. Herold,* 2005 WL 1048117 (E.D. Ky. 2005).

[3] While Plaintiffs do not specifically identify themselves as "sovereign citizens" in the Amended Complaint,  references and allegations therein appear to relate to a sovereign citizen theory. The Eleventh Circuit has noted that sovereign citizen and other related legal theories have been repeatedly rejected as frivolous.  *Horne v. Chick,* 2021 WL 1222761 (M.D. Fla. 2021) (Jung, District Judge), and cases cited therein.

Plaintiffs needlessly proceeded to litigate the frivolous claims enumerated in the Amended Complaint.

26.     Sanctions may be awarded pursuant to Rule 11 when: (1) a party files a pleading or motion that has no reasonable factual basis; (2) when the party files a pleading or motion that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading or motion in bad faith for an improper purpose. *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003); *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001). ("Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses," citing *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir.1987) (*en banc*) (internal quotation marks and citation omitted)). Also opined in *Massengale*, 267 F.3d at 1301, "sanctions may be imposed for the purpose of deterrence, compensation and punishment." *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1334 (11th Cir.1992). "The type and amount of sanction imposed calls for the proper exercise of a district court's discretion." Id. (citing *Donaldson*, 819 F.2d at 1557).

27.     In the present case, the Tax Collector Defendants assert the following: (1) Plaintiffs submitted their Amended Complaint without any reasonable factual basis; (2) Plaintiffs submitted their Amended Complaint based on a legal theory

which has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law, and (3) in light of the foregoing and for reasons provided herein, Defendants assert the pleading was submitted in bad faith for an improper purpose.

### A.   Plaintiffs Submitted their Amended Complaint without any Reasonable Factual Basis

28.     Plaintiffs' factual allegations attempting to support their contention that the defendants may not assess or collect *ad valorem* taxes on the subject property are unreasonable, frivolous, and, frankly, gibberish.

29.     Plaintiffs plead factual allegations including but not limited to a frivolous and non-sensical "situs" requirement for Taxpayers; vague and frivolous takings arguments based on "constitutionally protected property rights" as a basis for a privilege not to be taxed; implausible conspiracy allegations based on defendants, and specifically the Tax Collector Defendants, performing their legal functions to assess and collect legal *ad valorem* taxes on the subject property; failure to rely on some ill-defined income return; failure to train employees, and their "inalienable rights to liberty and property;" and "inalienable rights of Citizens of Florida and Pasco County."

30.     These factual allegations are implausible on their face and frivolous. They provide absolutely no factual support for the claims attempted to be made in the Amended Complaint.

Page **14** of **20**

31.     The Amended Complaint has no reasonable factual basis.

**B.      Plaintiffs submitted their Amended Complaint based on a legal
theory which has no reasonable chance of success and cannot be
advanced as a reasonable argument to change existing law**

32.     As stated by the Court in the Order of Dismissal (Doc. 24) of the Initial

Complaint (emphasis supplied):

> The gravamen of the complaint is that Pasco County may not tax homestead
> real property located in the County. That is a *frivolous contention* and
> *without legal merit*. If Plaintiffs wish to replead the complaint, *any amended
> complaint must not be based upon this contention*. Although expensive
> sometimes and annoying always, real property tax is legal and
> constitutional.

Order of Dismissal (Doc. 24).

33.     Despite the admonition of the Court, Plaintiffs proceeded to file the

Amended Complaint based on this same contention:  that Pasco County may not

tax homestead real property located in the County.

34.     Additionally, Plaintiffs, having previously been informed of the

application of the Tax Injunction Act, 28 USC §1341, proceeded to file the

Amended Complaint.

35.     Pursuant to the Tax Injunction Act, Plaintiffs' legal theory in this

Court has no chance of reasonable success – the Court has no jurisdiction to hear

Plaintiffs' claims, even if they weren't frivolous and without legal merit.

36.     The legal theory of the Amended Complaint cannot be construed as

attempting to advance a reasonable argument to change existing law.

Page **15** of **20**

## C. The Amended Complaint was submitted in bad faith and for an improper purpose.

37.    Plaintiffs pursued objectively unsupportable factual and legal positions and acted in bad faith. A finding of bad faith is warranted where an party knowingly or recklessly raises a frivolous argument, or where a party delays or disrupts litigation. "[F]alse statements alone do not indicate bad faith," but they "can be evidence of bad faith, if, for instance, there is other evidence in the record indicating that the statement was made for a harassing or frivolous purpose." *Byrne v. Nezhat*, 261 F.3d at 112 (11th Cir. 2001).

38.    Plaintiffs made misstatements and material misrepresentations to the Court when it filed the Initial Complaint. Despite the Court's admonition not to file an amended complaint based on the contention that Pasco County may not tax homestead real property located in the County, and despite the objections of all defendants being made known to Plaintiffs by the filing of the defendants' motion to dismiss (Docs. 14, 15 and 17), Plaintiffs continued to knowingly make misstatements and misrepresentations to the Court in the Amended Complaint.

39.    The totality of the conduct establishes that Plaintiffs filed the Amended Complaint knowing that there was no reasonable factual basis to do so and knowing it was based on a legal theory which has no reasonable chance of success and cannot be advanced as reasonable argument to change existing law.

40.     This bad faith conduct has unreasonably multiplied the time spent on this case and unreasonably increased the cost of litigation.

## IV.   **Conclusion**

41.     For the foregoing reasons, the Tax Collector Defendants request the Court to grant this motion against Plaintiffs, Vonn Capel and Benjamin Blanchard. The Tax Collector Defendants request attorney's fees and costs incurred in responding to the Amended Complaint and bringing this motion.

Respectfully submitted,

_____
Frederick T. Reeves, Esq.
Fla. Bar No. 499234
**Lead Counsel**
Frederick T. Reeves, P.A.
5709 Tidalwave Drive
New Port Richey, Florida 34652
Telephone (727) 844-3006
Facsimile  (727) 844-3114
freeves@tbaylaw.com
vicki@tbaylaw.com

Attorneys for Defendants, MIKE FASANO as PASCO COUNTY TAX COLLECTOR and individually, and PASCO COUNTY TAX COLLECTOR OFFICE

**Certificate of Service for 21-day Safe Harbor Requirement
Pursuant to Fed.R.Civ.P. 11(c)(2)**

The undersigned hereby certifies that this motion was served on the

Plaintiffs (but not filed with the Court) by First Class U.S. Mail and e-mail on

**March 25, 2024**, at the following address and e-mail address: Vonn Capel and

Benjamin Blanchard, 3201 Anata Drive, Zephyrhills, Florida 33541

(bennyblanchard@protonmail.com).

/s/ *Frederick T. Reeves*
Frederick T. Reeves, Esq.

## Local Rule 3.01(g) Certification

Before filing this motion with the Court, the undersigned hereby certifies that he has conferred with the parties who have appeared in this case, and their responses are as follows:  (1) Plaintiffs **oppose** the motion, and Plaintiffs and the undersigned attorney communicated/conferenced by e-mail (in the Complaint, Plaintiffs do not provide a telephone number or any other way to contact them besides a single e-mail address); (2) Defendant PASCO COUNTY **agrees and does not object** to the relief sought in the motion; and (3) there has been no appearance herein on behalf of Defendants MIKE WELLS, as PASCO COUNTY PROPERTY APPRAISER and individually, and PASCO COUNTY PROPERTY APPRAISER OFFICE, so the undersigned has not consulted with anyone representing these defendants.

_____
Frederick T. Reeves, Esq.

## Certificate of Service

I HEREBY CERTIFY that, on April _____, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served a copy of the same, along with the notice of electronic filing, by First Class U.S. Mail, postage prepaid (and by e-mail where indicated), to the following:

Vonn Capel
Benjamin Blanchard
3201 Anata Drive
Zephyrhills, FL  33541
bennyblanch@protonmail.com

Loren E. Levy, Esq.
Sydney E. Rodkey, Esq.
The Levy Law Firm
1828 Riggins Road
Tallahassee, FL 32308
eservice@levylawtax.com
srodkey@levylawtax.com
gsmith@levylawtax.com

Robert C. Hale
Pasco County Attorney's Office
West Pasco Government Center
8731 Citizens Drive
Suite 340
New Port Richey, FL 34654
rhale@pascocountyfl.net

_____
Frederick T. Reeves, Esq.