UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VONN CAPEL
BENJAMIN BLANCHARD,
    *Plaintiffs,*

*v.*                                     **Case. 8:24-cv-00352-WFJ-CPT**

PASCO COUNTY,
PASCO COUNTY PROPERTY APPRAISER OFFICE
PASCO COUNTY TAX COLLECTOR OFFICE,
MIKE FASANO AND MIKE WELLS
(Individual Capacity)
    *Defendants,*

## PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Eleventh Circuit held that the district court lacked subject-matter jurisdiction in Plaintiffs' appeal and therefore lacked authority to enter a merits judgment. Frivolousness under § 1988 is a merits-based determination. Because no court with jurisdiction ever reached the legal sufficiency of Plaintiffs' claims, attorney's fees should be denied under *Hughes v. Rowe* and *Christiansburg*. Plaintiffs object to each recommendation in turn.

### I. Standard of Review

The District Court must review de novo those portions of the Report and Recommendation to which Plaintiffs object. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiffs' objections challenge legal conclusions and mixed questions of law and fact, including: (1) whether statutory authority exists to award attorney's fees under 42 U.S.C. § 1988; (2) whether Rule 11's procedural and substantive requirements were satisfied; (3) whether Defendants qualify as prevailing parties; and (4) whether Article III permits merits-based fee or sanctions determinations following a dismissal for lack of subject-matter jurisdiction.

Because these objections raise questions of law defining the Court's constitutional and statutory authority, no deference is owed to the Magistrate Judge's conclusions, and de novo review applies.

### II.A. The Eleventh Circuit Stripped the District Court of Power to Enter Merits Judgments

The Eleventh Circuit held that the district court lacked subject-matter jurisdiction under the Tax Injunction Act and modified the judgment to a dismissal without prejudice. That mandate confined the district court's authority to a purely jurisdictional disposition and foreclosed any merits adjudication. Because merits authority was absent, § 1988 fees, Rule 11 sanctions, and appellate fee awards are barred as a matter of law.

That limitation is constitutionally compelled. A federal court may not assume jurisdiction "for the purpose of deciding the merits." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). In *Stalley v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229 (11th Cir. 2008), the court held that where Article III jurisdiction is absent, the district court "ha[s] no power to render a judgment on the merits," and dismissal must

therefore be without prejudice. *Id.* at 1235 (quoting Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984)).

Consistent with *Steel Co.* and *Stalley,* the Eleventh Circuit in this case vacated the with-prejudice aspect of the judgment and confined the disposition strictly to jurisdictional grounds. That limitation was not discretionary; it flowed directly from Article III's constraints on judicial power.

The Eleventh Circuit's practice confirms this restraint. In *Parker v. American Traffic Solutions, Inc.,* 835 F.3d 1363 (11th Cir. 2016), the court dismissed for lack of jurisdiction and denied sanctions, explaining that the jurisdictional argument was "not entirely meritless." *Id.* at 1382. Likewise, in *Turner v. Jordan,* No. 22-13159 (11th Cir. Sept. 17, 2024), the court resolved the applicability of the Tax Injunction Act through detailed statutory analysis accompanied by a published dissent, underscoring that reasonable jurists disagreed on the jurisdictional question.

These cases reflect a consistent principle: where dismissal turns on jurisdictional limits and forum allocation, the Eleventh Circuit does not treat the loss as a substantive condemnation of the claims. Converting jurisdictional defeat into frivolity would require the very merits adjudication Article III forbids and the mandate precludes.

### II.B. A Jurisdictional Dismissal Cannot Be Converted Into a Substantive Frivolity Determination

Plaintiffs do not contend that a jurisdictional dismissal automatically bars attorney's fees in all circumstances. Nor do Plaintiffs argue that a defendant can never be deemed a prevailing party following a non-merits disposition.

The Report and Recommendation treats the Tax Injunction Act's jurisdictional bar as proof that Plaintiffs' claims lacked legal foundation. That reasoning is flawed. The Tax Injunction Act does not adjudicate the correctness of the claims asserted; it allocates forum. A determination that federal jurisdiction is unavailable does not resolve whether the claims are substantively valid, legally arguable, or supported by a reasonable interpretation of law.

Once jurisdiction was found lacking, the court's authority ended. The court could not thereafter evaluate whether Plaintiffs' legal theories were "foreclosed," "groundless," or "without foundation" without exceeding constitutional limits. To do so substitutes a merits judgment for the jurisdictional dismissal the Eleventh Circuit required.

By relying on jurisdictional dismissal as the basis for labeling the claims frivolous and imposing fees and sanctions, the Report and Recommendation reenters the merits under a different procedural label.

### III. Christiansburg Does Not Authorize Frivolity Findings Where the Court Disclaimed Merits Authority

Under *Christiansburg Garment Co. v. EEOC*, a prevailing defendant may recover attorney's fees only where the plaintiff's action was "frivolous, unreasonable, or without foundation" at the time it was filed. 434 U.S. 412, 421–22 (1978). A jurisdictional

dismissal answers a different question entirely, whether the court may hear the case at all, and does not resolve whether the claims were legally arguable when brought. Treating a jurisdictional bar as proof of frivolity collapses these distinct inquiries in precisely the manner *Christiansburg* forbids. "It is important that a district court resist the understandable temptation to engage in post hoc reasoning... merely because the plaintiff did not ultimately prevail." *Id*. at 421–22.

*Christiansburg* presupposes that the court possesses authority to evaluate the legal sufficiency of the claims; where that authority is absent, the standard cannot be applied. The Eleventh Circuit confined its disposition to jurisdiction, declined to address frivolity or the merits, and modified the judgment to a dismissal without prejudice. Where a court has disclaimed authority to adjudicate the legal sufficiency of the claims, it cannot simultaneously declare those claims substantively "without foundation." A *Christiansburg* finding presupposes merits-evaluative authority that the court here lacked.

*Christiansburg* further requires an ex ante assessment based on what was reasonably knowable when the claims were filed, not hindsight after jurisdiction is denied. The appellate record reflects that resolution of the jurisdictional issue required sustained statutory and doctrinal analysis, including the scope of the Tax Injunction Act, principles of comity, and the adequacy of state remedies. Claims requiring such analysis, particularly where no binding precedent squarely forecloses all theories, cannot be deemed frivolous under *Christiansburg*.

Section 1988 authorizes attorney's fees only to a "prevailing party." 42 U.S.C. § 1988(b). The Supreme Court's decision in *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419 (2016), does not apply where the appellate mandate confines the judgment to jurisdiction alone.

*CRST* held that a defendant may, in some circumstances, be deemed a prevailing party following a non-merits dismissal, but it emphasized that such status depends on whether the defendant obtained a judicial resolution carrying sufficient judicial imprimatur and effecting a material alteration of the parties' legal relationship. *Id.* at 431–33. Critically, *CRST* presupposes that the district court possessed adjudicatory authority over the claims before it; it does not authorize prevailing-party status where an appellate mandate confines the judgment to jurisdiction alone and disclaims merits authority.

The Eleventh Circuit modified the judgment to a dismissal without prejudice for lack of subject-matter jurisdiction. That disposition did not adjudicate any claim, extinguish any cause of action, or preclude Plaintiffs from pursuing the same claims in state court. Defendants prevailed only on forum, not on the validity of Plaintiffs' claims. Treating such a forum allocation as "prevailing" would improperly expand § 1988 beyond its intended scope.

No binding Eleventh Circuit precedent requires a different conclusion. While unpublished decisions have suggested that a defendant may sometimes be deemed prevailing following a jurisdictional dismissal, those cases do not involve an appellate mandate expressly disclaiming merits authority and modifying the judgment to a

dismissal without prejudice. To the extent the Magistrate Judge relied on *Provitola v. Comer*, that unpublished decision is distinguishable because it did not involve an appellate mandate disclaiming merits authority or modifying the judgment to a dismissal without prejudice on Article III grounds, nor did it address whether prevailing-party status may rest solely on a forum-based jurisdictional dismissal where the claims remain fully viable in state court.

In short, Defendants did not "prevail" within the meaning of § 1988. They secured a jurisdictional ruling determining where the dispute must be litigated, not whether Plaintiffs' claims were valid or invalid. Section 1988 does not authorize fee-shifting for such a result.

### IV. The R&R's Frivolity Analysis Collapses Jurisdictional Defeat Into Substantive Failure

The Report and Recommendation misapplies Eleventh Circuit precedent by equating a jurisdictional dismissal with substantive groundlessness. Under *Sullivan v. School Board of Pinellas County*, a claim is frivolous only if it is "so lacking in arguable merit as to be groundless or without foundation." 773 F.2d 1182, 1189 (11th Cir. 1985). A dismissal for lack of subject-matter jurisdiction does not answer that question. It resolves where a claim may be heard, not whether the claim itself has legal substance.

Eleventh Circuit precedent further confirms that application of the Tax Injunction Act is neither automatic nor obvious as reflected in *Turner v. Jordan*. Claims requiring such sustained jurisdictional analysis cannot be deemed 'groundless' at the time of filing.

The presence of a published dissent in *Turner* further confirms that reasonable jurists disagreed over the application of the Tax Injunction Act in materially similar circumstances. Such disagreement is incompatible with a finding that Plaintiffs' claims were "so lacking in arguable merit" as to be frivolous under *Sullivan*.

The same analytical misapplication permeates the R&R's reliance on whether the case warranted "careful attention." The record reflects extensive motion practice, detailed briefing, appellate review, and consideration of rehearing and rehearing en banc. Under *Beach Blitz Co. v. City of Miami Beach*, claims are not frivolous where they are "meritorious enough to receive careful attention and review." 13 F.4th 1289, 1302 (11th Cir. 2021). Courts do not devote such resources to claims that are obviously frivolous from the outset.

*Beach Blitz Co.* further involved a Rule 12(b)(6) dismissal in which the district court exercised and retained merits-adjudicatory authority over the claims before it. *Id.* At 1296–1302. This case is categorically different. Here, the Eleventh Circuit held that the district court never possessed subject-matter jurisdiction and modified the judgment accordingly. *Beach Blitz* therefore does not support a frivolity finding where the court of appeals has expressly disclaimed merits authority and confined the disposition to jurisdiction alone.

Nor does the absence of a trial or merits ruling compel a frivolity finding. *Sullivan's* factors are guidelines, not mechanical rules, and rigid application would improperly transform every successful motion to dismiss into a basis for fee-shifting.

Here, the dispositive ruling turned on jurisdictional limits, not on an assessment of substantive liability or constitutional validity.

The R&R's analysis substitutes jurisdictional defeat for substantive failure. Eleventh Circuit precedent does not permit that substitution. Where claims raise non-delusional legal theories and require sustained judicial engagement, even if ultimately dismissed on jurisdictional grounds, they cannot be deemed frivolous under *Sullivan* or *Beach Blitz*.

### V. Rule 11 Sanctions Are Procedurally and Substantively Barred

Rule 11 sanctions are an extraordinary remedy subject to strict procedural and substantive limits. Compliance with Rule 11(c)(2)'s safe-harbor requirement is mandatory. A motion for sanctions must be served at least twenty-one days before filing and must afford a meaningful opportunity to withdraw or correct the challenged paper. Courts in this Circuit strictly enforce these requirements.

### A. Sanctions Are Procedurally Barred Under Rule 11(c)(2)

After remand, the operative posture of this case materially changed. The Eleventh Circuit modified the judgment to a dismissal without prejudice for lack of subject-matter jurisdiction and expressly disclaimed merits authority. Any renewed request for Rule 11 sanctions therefore required renewed service and a renewed safe-harbor period tied to the post-appeal posture of the case. No such renewed service occurred.

That failure is dispositive. Rule 11 contains no exception for identity of motions, futility, or judicial economy, and Eleventh Circuit precedent recognizes none. Where the

safe-harbor requirement is not satisfied, sanctions are procedurally barred regardless of the court's view of the underlying claims. Because Defendants failed to comply with Rule 11(c)(2)'s mandatory service requirement, sanctions must be denied on procedural grounds alone.

### B. Sanctions Are Independently Barred Because Rule 11's Substantive Standard Is Not Met

Even if the procedural defect were overlooked, Rule 11's substantive standard is not satisfied. Objective frivolousness requires more than a jurisdictional error; it requires claims that have no reasonable chance of success under existing law and cannot be supported by a non-frivolous argument for extension, modification, or clarification of the law.

A dismissal under the Tax Injunction Act does not meet that standard. The Act allocates forum; it does not adjudicate constitutional validity. A ruling that federal court is unavailable presupposes the possible existence of claims that must be litigated elsewhere. Treating that allocation decision as substantive condemnation improperly converts federalism doctrine into a merits judgment.

Nor may sanctions rest on hindsight. At the time of filing, no binding precedent squarely foreclosed Plaintiffs' theories, and the jurisdictional questions required sustained analysis by the Eleventh Circuit. Continued litigation to preserve issues for appellate review, where jurisdiction, not merits, controlled the outcome, is not sanctionable

conduct. Rule 11 may not be used to impose penalties after jurisdiction has been denied or to supply a merits condemnation that Article III forbids.

### C. Willy v. Coastal Corp. Does Not Authorize the Sanctions Recommended Here

*Willy v. Coastal Corp.* held only that Rule 11 may operate as a collateral procedural mechanism to address abuse of the judicial process even when subject-matter jurisdiction is later found lacking. 503 U.S. 131, 137–39 (1992). Critically, the Supreme Court emphasized that such sanctions are permissible precisely because they "do[] not deal with the court's assessment of the complaint's legal merits." *Id.* at 138 (quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395–96 (1990)).

The Report and Recommendation departs from that constitutional boundary by treating the Tax Injunction Act dismissal itself as proof that Plaintiffs' claims were substantively foreclosed and therefore frivolous. That reasoning converts a jurisdictional ruling into a merits determination, the precise action Article III forbids and *Willy* does not permit.

### VI. Appellate Fees Are Improper and Inconsistent with the Eleventh Circuit's Disposition

Appellate fees under § 1988 are governed by the same *Christiansburg* standard that applies at the trial level. An appeal is not frivolous merely because it is unsuccessful; it must be substantively groundless. Where the court of appeals resolves threshold jurisdictional questions, disclaims merits authority, and declines to impose Rule 38

sanctions, a later determination that the same appeal was frivolous would directly contradict the appellate court's judgment.

The district court may not recharacterize the appeal as frivolous through § 1988 after the court of appeals declined to do so directly. Allowing such an end-run would undermine the appellate court's institutional role and permit fee-shifting based on a merits assessment the appellate court expressly avoided. Fee awards must be consistent with, not in tension with, the appellate disposition.

The Eleventh Circuit's refusal to impose Rule 38 sanctions is particularly significant here. The appeal presented jurisdictional questions concerning the scope and application of the Tax Injunction Act and the adequacy of state remedies. An appeal raising such questions, even when ultimately resolved against the appellant, is not sanctionable under *Christiansburg*. The court of appeals' express denial of sanctions confirms that assessment.

Nor may appellate fees be justified indirectly through Rule 11 principles. Rule 11's safe-harbor provision imposes mandatory timing constraints that preclude sanctions after disposition of the challenged filing. As the Advisory Committee explains, once the court disposes of the allegedly offending contention, "it becomes impossible under Rule 11(c) (2) to file the motion or otherwise present it to the court." Fed. R. Civ. P. 11 advisory committee note (1993); see also 2 *James Wm. Moore et al., Moore's Federal Practice* § 11.22[1][c] (3d ed. 2010).

The Eleventh Circuit has repeatedly characterized this requirement as "inflexible." *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010). Here, no renewed service occurred after remand, notwithstanding that the prior judgment had been vacated and replaced with a jurisdictional dismissal without prejudice.

More fundamentally, Rule 11 cannot be used to impose a merits-based condemnation that the court of appeals expressly declined to make. See *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995) (prohibiting hindsight-based determinations of frivolousness). Where Article III jurisdiction was absent, and the appellate court disclaimed merits authority, sanctions premised on substantive deficiency are constitutionally impermissible.

Because the Eleventh Circuit confined its disposition to jurisdiction, declined to reach the merits or frivolity, denied appellate sanctions, and modified the judgment to reflect the absence of jurisdiction, appellate attorney's fees under § 1988 are improper and should be denied.

### VII. Merits Context Confirms the Claims Were Not Frivolous

Even if the Court were permitted to consider the substantive plausibility of Plaintiffs' claims, which Article III forbids following the Eleventh Circuit's jurisdictional mandate, Supreme Court precedent confirms that those claims were at least legally arguable at the time of filing.

In *Direct Marketing Association v. Brohl,* the Supreme Court held that information-gathering and reporting requirements occur before assessment, levy, or

collection and therefore fall outside the core reach of the Tax Injunction Act. 575 U.S. at 11–13. The Court emphasized that a tax return or report initiates, rather than constitutes, the assessment process, rejecting the argument that all pre-collection enforcement activity is jurisdictionally barred. *Id.* at 15–16. Plaintiffs' efforts to seek discovery concerning information-gathering activities tracked this distinction and provided a good-faith basis for arguing that their claims did not restrain "assessment, levy, or collection" within the meaning of § 1341.

Likewise, in *CSX Transportation, Inc. v. Georgia State Board of Equalization*, the Supreme Court held that courts must look behind a State's chosen appraisal methodology to determine whether it produces unconstitutional disparities. 552 U.S. at 13–14. The Court rejected the notion that valuation methods are insulated from judicial scrutiny merely because they are facially neutral. *Id.* at 16. *CSX* thus supplied an additional doctrinal basis for Plaintiffs' claims and forecloses any characterization of those claims as facially "groundless."

Taken together, *Direct Marketing* and *CSX* demonstrate that Plaintiffs' theories rested on identifiable Supreme Court precedent addressing both the scope of the Tax Injunction Act and the judiciary's obligation to scrutinize tax administration practices for constitutional compliance. Claims anchored in such precedent, even if ultimately dismissed on jurisdictional grounds, are not frivolous under *Christiansburg.* At minimum, these authorities confirm that Plaintiffs advanced non-delusional legal arguments

supported by existing doctrine, precluding any post hoc characterization of the action as "so lacking in arguable merit" as to justify fees or sanctions.

## VIII. RELIEF REQUESTED

For the reasons set forth above, Plaintiffs respectfully request that the Court:

1. Reject the Report and Recommendation to the extent it recommends awarding attorney's fees under 42 U.S.C. § 1988;

2. Deny Defendants' motion for sanctions under Federal Rule of Civil Procedure 11 for failure to comply with the rule's mandatory procedural requirements and for lack of substantive grounds;

3. Deny any award of appellate attorney's fees as inconsistent with the Eleventh Circuit's disposition and the standards governing fee-shifting under *Christiansburg*; and

4. Because the Eleventh Circuit's mandate forecloses merits-based determinations, the R&R must be rejected in its entirety as exceeding Article III authority.

Submitted this 29th day of January 2026

_____          _____
**Benjamin Blanchard**                    **Vonn Capel**

## CERTIFICATE OF SERVICE

We HEREBY CERTIFY that on Jan 29th, 2026, a true and correct copy of the above was submitted to the Court by certified mail and that an email copy will be served upon the following via transmission of Notices of Electronic Filing generated by the CM/ECF System to:

Loren E. Levy- Lead Counsel
Sydney E. Rodkey
1828 Riggins Road
Tallahassee, Florida 32308
Telephone: 850/219-0220
E-mail: *eservice@levylawtax.com*
*srodkey@levylawtax.com*
*gsmith@levylawtax.com*

Robert C. Hale
Pasco County Attorney's Office
West Pasco Government Center
8731 Citizens Drive Suite 340
New Port Richey, FL 34654
*rhale@pascocountyfl.net*

Frederick T. Reeves, P.A.
5709 Tidalwave Drive
New Port Richey, Florida 34652
Telephone (727) 844-3006
Facsimile (727) 844-3114
freeves@tbaylaw.com
vicki@tbaylaw.com

16 of 16